IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BRODY, CHAIM HIRSCHFELD, and SUZANNE GRUNSTEIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs. | Civil Action No. 12-cv-4774-PGS-DEA |
| MERCK & CO., INC., f/k/a SCHERING-PLOUGH CORPORATION, MSD CONSUMER CARE, INC., f/k/a SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., MERCK SHARP & DOHME CORP., AS SUCCESSOR IN INTEREST TO SCHERING CORPORATION, SCHERING-PLOUGH HEALTHCARE PRODUCTS SALES CORPORATION, AND SCHERING-PLOUGH HEALTHCARE PRODUCTS ADVERTISING CORPORATION,<br><br>Defendants. | RECEIVED<br><br>SEP 27 2012<br><br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |



### [PROPOSED] ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING THE CLASS SETTLEMENT, APPOINTING CLASS COUNSEL, DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS, SCHEDULING A FINAL APPROVAL HEARING, AND ISSUING RELATED ORDERS

This motion is brought before the Court jointly by Plaintiffs Steven Brody, Chaim Hirschfeld and Suzanne Grunstein, and Defendants Merck & Co., Inc., MSD Consumer Care, Inc. and Merck Sharp & Dohme Corp. ("Defendants" or "Merck"). The Court finds as follows:

The above-captioned action was filed on July 31, 2012 in the United States District Court for the District of New Jersey (the "Action"); and

On or about October 31, 2003, plaintiff Joseph Goldstein ("Goldstein") filed an action against Merck in the Superior Court for the State of California, County of Los Angeles, in which

110335116

he asserted claims on behalf of a putative class of consumers relating to alleged misrepresentations concerning the nature and extent of the benefits provided by the Eligible Coppertone Sunscreen Products, as defined below; and

On or about November 13, 2003, plaintiffs Christopher Rovere ("Rovere") and Rhonda Mason ("Mason") filed an action against Merck in the Superior Court for the State of California, County of Alameda, in which they asserted claims on behalf of a putative class of consumers relating to alleged misrepresentations concerning the nature and extent of the benefits provided by the Eligible Coppertone Sunscreen Products, as defined below; and

On or about November 25, 2003, plaintiffs Cristina Williams ("Williams") and Jessica Mulhearn ("Mulhearn") filed an action against Merck in the Superior Court for the State of California, County of Los Angeles, in which they asserted claims on behalf of a putative class of consumers relating to alleged misrepresentations concerning the nature and extent of the benefits provided by the Eligible Coppertone Sunscreen Products, as defined below; and

On or about November 25, 2003, plaintiff Glynis Lowd ("Lowd") filed an action against Merck in the Superior Court for the State of California, County of Alameda, in which she asserted claims on behalf of a putative class of consumers relating to alleged misrepresentations concerning the nature and extent of the benefits provided by the Eligible Coppertone Sunscreen Products, as defined below; and

On or about February 10, 2004, plaintiff Robert Gaston ("Gaston") filed an action captioned Gaston v. Schering-Plough Corporation, et al., Case No. BC310407 (the "Gaston Action") in the Superior Court for the State of California, County of Los Angeles, in which he asserted claims on behalf of a putative class of consumers relating to alleged misrepresentations

concerning the nature and extent of the benefits provided by the Eligible Coppertone Sunscreen Products, as defined below; and

Similar actions were filed in 2003, 2004, and 2005 against four other sunscreen manufacturers making similar claims; and

Pursuant to Orders dated April 26, 2004, August 23, 2004, and February 3, 2006, the actions described above were coordinated in the Superior Court for the State of California, County of Los Angeles, in a Judicial Council Coordination Proceeding styled SUNSCREEN CASES, JCCP No. 4352 (the "Coordinated Proceeding"); and

Pursuant to a Minute Order dated October 13, 2004, the Superior Court appointed Abraham, Fruchter & Twersky, LLP as lead counsel for the plaintiffs in the Coordinated Proceeding; and

The individual claims and causes of action asserted by plaintiffs Goldstein, Rovere, Mason, Williams, Mulhearn and Lowd were dismissed in summary judgment proceedings in 2008. At that time, Mr. Gaston's breach of warranty claims were also dismissed via summary adjudication but his claims for violations of California's Unfair Competition Law ("UCL"); violations of California's Consumer Legal Remedies Act ("CLRA") and common law fraud survived summary judgment; and

On May 30, 2008, Mr. Gaston filed a motion in the Coordinated Proceeding seeking to certify a California state-wide class of purchasers of Coppertone Sport SPF 30 manufactured by Merck. The trial court denied Mr. Gaston's motion based upon the predominance of individual questions of fact regarding reliance, causation, deception and injury. The trial court acknowledged its decision was the result of confusion about the impact of California's Proposition 64 on the elements of proof for UCL class action claims. The trial court stated that it

did not believe that California voters intended Proposition 64 to require absent class members to prove actual reliance and damages and that no class would ever be certified under such a rigorous standard. The trial court did find that Mr. Gaston satisfied the other criteria for class certification, which were numerosity, ascertainability, typicality, and adequacy of representation. Mr. Gaston appealed the decision to the California Court of Appeals; and

On appeal, Mr. Gaston posited that the touchstone of the trial court's ruling with respect to his UCL claim was that the UCL, as amended by Proposition 64, required a plaintiff to ultimately prove that all class members had relied upon, were deceived by and suffered damages as a result of the alleged misrepresentations and that consequently the trial court incorrectly determined that individual questions of fact predominated. Mr. Gaston argued that in light of the California Supreme Court's holding in In re Tobacco II, 46 Cal. 4th 298 (2009), the trial court's ruling should be reversed as it was grounded on erroneous legal assumptions; and

The Court of Appeals agreed with Mr. Gaston and found that, inter alia, Mr. Gaston had shown that there were common questions of law and fact with respect to his UCL, CLRA and common law fraud causes of action. As such, the Court of Appeals held that the trial court's ruling should be reversed as it was grounded on erroneous legal assumptions and the case should be remanded with directions for the trial court to enter an order certifying the class. Merck's Petition for Writ of Certiorari to the California Supreme Court was denied, without reasons specified, on November 2, 2011; and

On July 31, 2012, Mr. Gaston, who is also represented by Proposed Settlement Class Counsel in this Action, Abraham, Fruchter & Twersky, LLP, and Merck submitted a settlement agreement in the Coordinated Proceeding that provides injunctive relief to a California class of purchasers of Eligible Coppertone Sunscreen Products purchased in that state. The parties to the

settlement agreement filed in the Coordinated Proceeding have agreed to stay the non-injunctive relief claims raised against Merck in the Coordinated Proceeding pending the final determination by this Court of the Settlement Agreement in this Action; and

On July 31, 2012, Plaintiffs, Steven Brody, Chaim Hirschfeld and Suzanne Grunstein through Proposed Settlement Class Counsel, filed this Action against Merck in which Plaintiffs asserted claims on behalf of a putative nationwide class of purchasers of Eligible Coppertone Sunscreen Products, which are substantially similar to those alleged by plaintiffs against Merck in the Coordinated Proceeding; and

During the past eight years, Mr. Gaston and other plaintiffs in the Coordinated Proceeding, through Proposed Settlement Class Counsel, and Merck, through its counsel, have conducted a thorough examination and investigation of the facts and law relating to the matters set forth in the operative complaints and the claims set forth therein and have undertaken substantial investigation and formal discovery in the litigation; and

Mr. Gaston and other plaintiffs asserting claims against Merck in the Coordinated Proceeding, through Proposed Settlement Class Counsel, and Merck, through Defendants' Counsel, have also engaged in extensive briefing in the Coordinated Proceeding, including motions for early determination of threshold legal issues regarding preemption, primary jurisdiction and damages, a motion for preliminary injunction, motions for summary judgment, motions for class certification, and an appeal of the ruling on class certification to the California Court of Appeals and California Supreme Court; and

Based upon their extensive discovery, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings in this Action and the claims asserted against

Merck in the Coordinated Proceeding, the Parties seek to resolve any and all claims raised in the Action on a nationwide basis pursuant to the terms of the Settlement Agreement; and

Plaintiffs have agreed to a settlement pursuant to the provisions of the Agreement, after considering, among other things: (1) the substantial benefits to Plaintiffs and the proposed Settlement Class under the terms of this Agreement; (2) the risks, costs and uncertainty of protracted litigation, especially in complex actions such as these, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating the Agreement promptly in order to provide effective relief to Plaintiffs and the Settlement Class; and

Defendants have agreed to class action treatment of the claims alleged solely for the purpose of affecting the compromise and settlement of those claims on a class basis as set forth herein; and

The Parties have entered into the Settlement Agreement to settle the claims of the Settlement Class because of, among other reasons, the attendant expense, risks, difficulties, delays, and uncertainties of continued litigation; and

Plaintiffs and Proposed Settlement Class Counsel believe that the Settlement Agreement provides fair, reasonable, and adequate relief to the Settlement Class, and is in the best interests of the Settlement Class as a whole; and

Merck expressly denies all claims asserted against Merck, denies that class certification is appropriate if the case is litigated rather than settled, denies all allegations of wrongdoing and liability, and denies that anyone was harmed by the conduct alleged against Merck in the Action and/or the Coordinated Proceeding, but nevertheless desires to settle the claims of Plaintiffs and the Settlement Class on the terms and conditions set forth in the Settlement Agreement solely for

US_ACTIVE-110335116.2-DSTANLEY

the purpose of avoiding the burden, expense, risk and uncertainty of continuing to litigate those issues, and for the purpose of putting to rest the controversies engendered; and

The Parties having entered into and filed with the Court on Sept 21, 2012 a Settlement Agreement in which the Parties have agreed to settle the Action, pursuant to the terms of the Settlement Agreement, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in dismissal of the Action with prejudice; and

The Court having reviewed the Settlement Agreement, including the exhibits attached thereto (together, the "Settlement Agreement") and all prior proceedings herein, and good cause appearing based on the record,

IT IS on this 27 day of September, 2012, ORDERED AND DECREED as follows (all capitalized terms being defined as they are defined in the Settlement Agreement unless otherwise specified or defined herein):

1. **Stay of the Action.** All non-settlement-related proceedings in the Action are hereby stayed and suspended until further order of this Court.

2. **Preliminary Settlement Class Certification for Settlement Purposes Only.** The Action is preliminarily certified as a class action for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Court preliminarily finds for settlement purposes that: (a) the Settlement Class certified herein numbers at least in the thousands of persons, and that joinder of all such persons would be impracticable, (b) there are issues of law and fact that are typical and common to the Settlement Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Settlement Class is superior to other available means of adjudicating this dispute; and (d) as set forth in paragraph 4, below, the

Named Plaintiffs and Settlement Class Counsel are adequate representatives of the Settlement Class. Merck retains all rights to assert that this action may not be certified as a class action, except for settlement purposes only.

3. **Settlement Class Definition**. "Settlement Class" and "Settlement Class Members" include all natural persons who purchased Eligible Coppertone Sunscreen Products in the United States of America, its territories and possessions up to the date notice is first disseminated pursuant to the Notice Plan. Provided, however, that the "Settlement Class" and "Settlement Class Members" shall exclude: (a) all persons who timely and validly request exclusion from the Settlement Class; (b) natural persons who purchased Eligible Coppertone Sunscreen Products for purposes of resale; (c) Defendants' officers, directors, and employees; (d) Defendants' Counsel; (e) Plaintiffs' Counsel; (f) this Court and the members of this Court's staff and immediate family; (g) the Honorable John Shepard Wiley, Jr. and the members of his staff and immediate family; (h) the Honorable Carl West and the members of his staff and immediate family; and (i) any Judge to which the case is subsequently assigned and the members of his or her staff and immediate family, if applicable. "Eligible Coppertone Sunscreen Products" means any and all sunscreen products sold in the United States of America, its territories and possessions under the brand name "Coppertone," which were labeled and/or advertised to provide protection against the sun's UVA and/or UVB rays.

4. **Settlement Class Representatives and Settlement Class Counsel.** Plaintiffs Steven Brody, Chaim Hirschfeld and Suzanne Grunstein are designated as the representatives of the conditionally certified Settlement Class. The Court preliminarily finds that these individuals are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class, and will be adequate Settlement Class representatives. Abraham, Fruchter & Twersky,

LLP, which the Court preliminarily finds is experienced and adequate counsel, is hereby designated as Settlement Class Counsel.

5. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds that the Settlement Agreement and the settlement it incorporates, appear fair, reasonable and adequate. Manual for Complex Litigation (Fourth) § 21.632 (2004). Accordingly, the Settlement Agreement is preliminarily approved and is sufficient to warrant sending notice to the Settlement Class.

6. **Jurisdiction.** The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

7. **Final Approval Hearing.** A Final Approval Hearing shall be held on _February 20, 2013_ at 10:00 am. in Courtroom 4E, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street Room 2020, Trenton, NJ 08608, to determine, among other things: (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a), and (b)(3); (b) whether the settlement of this Action should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) whether Settlement Class Members and related persons should be subject to a permanent injunction; (f) whether the application of Settlement Class Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (g) whether the applications of the named Plaintiffs for incentive awards should be approved. The submissions of the Parties in support of the settlement, including Plaintiffs'

applications for Attorneys' Fees and Expenses and incentive awards, shall be filed with the Court no later than fourteen (14) days prior to the deadline for the submission of objections and may be supplemented up to seven days prior to the Final Approval Hearing.

8. **Administration.** In consultation with and subject to the approval of Settlement Class Counsel, Merck, or its designee, is hereby directed to establish the means necessary to administer the proposed settlement and implement the Claim Process, in accordance with the terms of the Settlement Agreement.

9. **Settlement Class Notice.** The proposed Long Form Notice, Publication Notice and the notice methodology described in the Settlement Agreement and the Declaration of Jeanne C. Finegan, APR, Concerning Proposed Class Member Notification Program ("Declaration of the Notice and Settlement Administrator"), are hereby approved.

   a. Pursuant to the Settlement Agreement, the Court appoints GCG Inc. to be the Notice and Settlement Administrator to help implement the terms of the Agreement, the Notice Plan and the terms outlined in the Declaration of the Notice and Settlement Administrator.

   b. The Notice and Settlement Administrator shall send the Long Form Notice by First-Class U.S. Mail, proper postage prepaid, to each Settlement Class Member who requests it, provided that the Settlement Class Member makes the request prior to the deadline to opt out and/or submit an objection. The Notice and Settlement Administrator shall also send the applicable documents to each appropriate State and Federal official, as specified in 28 U.S.C. § 1715. The Notice and Settlement Administrator shall otherwise comply with Rule 23 of the Federal Rules of Civil Procedure and any other applicable statute, law, or rule, including, but not limited to, the Due Process Clause of the United States Constitution.

c. The Notice and Settlement Administrator shall have the publication of the Publication Notice substantially completed no later than forty (40) days before the Final Approval Hearing as described in the Declaration of the Notice and Settlement Administrator and in such additional newspapers, magazines and/or other media outlets as shall be agreed upon by Settlement Class Counsel and Merck.

d. The Notice and Settlement Administrator shall: (a) re-mail any notices returned by the United States Postal Service with a forwarding address that are received by the Notice and Settlement Administrator; (b) by itself or using one or more address research firms, as soon as practicable following receipt of any returned notices that do not include a forwarding address, research any such returned mail for better addresses and promptly mail copies of the Long Form Notice to the better addresses so found.

e. No later than ten (10) days after the entry of this Preliminary Approval Order, the Notice and Settlement Administrator shall establish an Internet website, www.sunscreensettlement.com, that will inform Settlement Class Members of the terms of the Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format: (i) the Settlement Agreement; (ii) the Long Form Notice with the attached Claim Form; (iii) the Preliminary Approval Order; (iv) Frequently Asked Questions in a form substantially similar to the one attached to the Settlement Agreement as Exhibit 9, which will reference the Website and the toll-free number, (v) the toll-free number; and (vi) as agreed by Settlement Class Counsel and Merck, other relevant orders of the Court. Nationwide access to the Settlement Website will be ensured via the following methods: (x) the Settlement Website will be registered with Google so that appropriate queries on Google will yield a link to the Settlement Website; (y) the Publication Notice will reference the Settlement Website and the

toll-free number; and (z) the Long Form Notice will reference the Settlement Website and the toll-free number.

f. The Notice and Settlement Administrator shall issue a neutral press release no later than forty (40) days before the Final Approval Hearing as further discussed in the Declaration of the Notice and Settlement Administrator. The Parties and their counsel shall not issue any other notice, press release, and/or similar statement relating to the Settlement of this Action, and/or the claims against Merck in the Coordinated Proceeding unless otherwise required by the Court in this Action or in the Coordinated Proceeding or as agreed to by the Parties.

g. Merck shall provide to the Notice and Settlement Administrator, within ten (10) business days of the entry of this Preliminary Approval Order, a list of all counsel for anyone who has litigation against Defendants that involve claims pertaining to the Eligible Coppertone Sunscreen Products that are subject to the Plaintiffs' Release set forth in the Settlement Agreement. The Notice and Settlement Administrator shall mail copies of the Long Form Notice to all such legal counsel. Defendants will promptly direct the Notice and Settlement Administrator to serve the Long Form Notice on counsel for any Settlement Class Members who subsequently initiate litigation, arbitration, or other proceedings against Merck that involve claims pertaining to the Eligible Coppertone Sunscreen Products that are subject to Plaintiffs' Release set forth in the Settlement Agreement.

h. Within ten (10) days after the entry of this Order, the Notice and Settlement Administrator shall timely establish a toll-free telephone number that will provide Settlement-related information to Settlement Class Members in English and, as requested, Spanish, as further specified in the Settlement Agreement.

      i. The Notice and Settlement Administrator shall timely disseminate any remaining notice, as stated in the Settlement Agreement and/or the Declaration of the Notice and Settlement Administrator.

      j. Not later than ten (10) days before the date of the Final Approval Hearing, the Notice and Settlement Administrator shall file with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details outlining the scope, methods, and results of the notice program.

   10. **Findings Concerning Notice.** The Court finds that the notices described in Paragraph 9 of this order: (a) constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e) and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

   11. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Notice and Settlement Administrator at the address provided in the Long Form Notice, postmarked no later than twenty (20) days before the Final Approval Hearing, and specifying that he or she wants to

be excluded.  The Notice and Settlement Administrator shall forward copies of any written requests for exclusion to Settlement Class Counsel and Defendants' Counsel.  A list reflecting all requests for exclusion shall be filed with the Court by the Notice and Settlement Administrator no later than ten (10) days before the Final Approval Hearing.  Any potential Settlement Class Member who does not file a timely written request for exclusion as provided in Section V.A of the Settlement Agreement shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, Plaintiffs' Release in the Settlement Agreement, even if he or she has litigation pending or subsequently initiates litigation against Merck relating to the claims and transactions released in this Action.  Persons who properly exclude themselves from the Settlement Class shall not be entitled to participate in the benefits of the Settlement Agreement.

      12. **Objections and Appearances.**  Any Settlement Class Member or counsel hired at any Settlement Class Member's own expense who complies with the requirements of this paragraph may object to any aspect of the proposed settlement.

           a. Any Settlement Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the proposed Settlement, the award of Attorneys' Fees and Expenses, or the Named Plaintiffs' incentive awards, must deliver to Settlement Class Counsel identified in the Long Form Notice and to Defendants' Counsel, and file with the Court, no more than twenty (20) days before the Final Approval Hearing, a written statement of objections, as well as the specific reason(s), if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence or other information the Settlement Class Member wishes to introduce in support of the objections, a statement of whether the Settlement Class Member intends to appear and argue at the Final Approval

Hearing, and list the Settlement Class Member's purchase(s) of the Eligible Coppertone Sunscreen Products. Settlement Class Members may do so either on their own or through an attorney retained at their own expense. The objection must include proof of purchase of the Eligible Coppertone Sunscreen Products and/or a representation and warranty, submitted under penalty of perjury, that the objector purchased an Eligible Coppertone Sunscreen Product. Acceptable proof of purchase includes a photocopy of the label(s), tube(s), spray(s), bottle(s), and/or similar container(s), cash register receipt(s), credit card receipt(s), credit card statement(s) or similar document(s) that sufficiently indicate the purchase of Eligible Coppertone Sunscreen Products. Each proof of purchase must be clearly and uniquely numbered by the claimant before copies are made and the originals must be available for inspection upon request by the Notice and Settlement Administrator.

     b. Any Settlement Class Member who files and serves a written objection, as described above and in Section VI.A of the Settlement Agreement, may appear at the Final Approval Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of Attorneys' Fees and Expenses or incentive awards to the Plaintiffs. Settlement Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must deliver a notice of intention to appear to Settlement Class Counsel and Defendants' Counsel as identified in the Long Form Notice, and file said notice with the Court, no later than twenty (20) days before the Final Approval Hearing. Any Settlement Class Member who fails to comply with the provisions in this section or in Sections VI.A and B of the Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the

Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, Plaintiffs' Release in the Settlement Agreement in the Action.

13. **Preliminary Injunction.** All Settlement Class Members and/or their representatives who do not timely exclude themselves from the Settlement Class are hereby preliminarily barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing litigation as class members, putative class members, or otherwise against Merck (or against any of its related parties or affiliates), and/or from receiving any benefits from, any lawsuit, administrative, or regulatory proceeding or order in any jurisdiction, except as provided otherwise in the California State Settlement or ordered by the Court in the Coordinated Proceeding, based on or relating to the claims or causes of actions or the facts, and circumstances relating thereto, concerning this Action, and/or the matters and claims encompassed in Plaintiffs' Release in the Settlement Agreement. In addition, except as provided otherwise in the California State Settlement, or ordered by the Court in the Coordinated Proceeding, all such persons are hereby preliminarily barred and enjoined from filing, commencing, or prosecuting a lawsuit against Merck (or against any of its related parties or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who do not timely exclude themselves from the Settlement Class, arising out of, based on or relating to the claims, causes of action, facts and/or circumstances relating thereto, concerning this Action, and/or the matters and claims encompassed in the Plaintiffs' Release. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary

injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this Action.

14. **Post-Office Box(es).** The Notice and Settlement Administrator or their designated agent(s) shall rent one or more post-office boxes, to be used for receiving requests for exclusion from the Settlement Class and any other communications.

15. **Disclosure of Objections.** The Notice and Settlement Administrator, Defendants' Counsel and Settlement Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

16. **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; (b) the settlement is terminated in accordance with the Settlement Agreement; or (c) the settlement does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever.

17. **Use of Order.** This Order shall be of no force or effect if the settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Merck of any fault, wrongdoing, breach, or liability. Nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack merit or that the relief requested is

inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in these Actions or in any other lawsuit.

18. **Access to Documents.** During the pendency of this Court's consideration of the proposed Settlement Agreement, Settlement Class Members and/or their attorneys shall be allowed access, at their own expense, at a place designated by Settlement Class Counsel, to the documents disclosed through discovery in this Action or the Coordinated Proceeding to Settlement Class Counsel by Merck, for the sole purpose of evaluating the fairness, reasonableness and adequacy of the proposed settlement, provided that such persons shall not be allowed access to these materials unless and until they enter into the Confidentiality Agreement, which is attached as an Exhibit to the Settlement Agreement. The terms and conditions of the Confidentiality Agreement are incorporated herein by reference and, if breached, may be the basis for a finding of contempt of Court. Only Settlement Class Members who have not excluded themselves from the Settlement Class will be allowed to review the documents produced by Merck in the Action.

19. **Retaining Jurisdiction.** This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

20. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing without further written notice.

_____
PETER G. SHERIDAN
UNITED STATES DISTRICT JUDGE