**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

STEVEN BRODY, CHAIM HIRSCHFELD and          **Civil Action No.**
SUZANNE GRUNSTEIN, on behalf of themselves
and all others similarly situated,                          **12-cv-4774-PGS-DEA**
      Plaintiffs,
vs.

Merck & Co., Inc., f/k/a Schering-Plough
Corporation, MSD Consumer Care, Inc., f/k/a
Schering-Plough Healthcare Products, Inc., Merck
Sharp & Dohme Corp., as successor in interest to
Schering Corporation, Scheringplough Healthcare
Products Sales Corporation, and Schering-Plough
Healthcare Products Advertising Corporation,
      Defendants.

## OBJECTIONS REGARDING PROPOSED SETTLEMENT

To The Honorable District Judge:

Comes Now Cindy Beck, ("Objector"), and files these Objections to the Proposed
Settlement, Objections to Class Certification, Objections to Attorneys' Fees, Objections
to Incentive Award, Notice of Intent to Appear, and Request to Speak at the Hearing, and
would show as follows:

## I.   Objector

Objector is a member of the settlement class, as shown by Objector's attached
declaration.  Objector's address, telephone number and signature are included in the
attached declaration, which is incorporated herein by reference.

Objector, through counsel, intends to appear at the hearing.  Objector requests that
Objector's counsel be allowed to appear at the final approval hearing to talk about these
objections and to otherwise participate in the final approval hearing.

## II.  Objections to Class Certification

### A.  The class representatives are not adequate

Objector objects to class certification because the class representatives are not adequate.
Rule 23 and due process permit class certification only when the representative parties
will fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23
(a)(4)(permitting certification "only if … the representative parties will fairly and

1

adequately protect the interests of the class"); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)("the Due Process Clause of course requires that the named plaintiff at all times adequately represent the interests of the absent class members").

The class members have a property right in their underlying claim and their right to a claim payment under an approved class action settlement:

> [A] class settlement generates property interests. Each class member has a constitutionally recognized property right in the claim or cause of action that the class action resolves. The settlement-fund proceeds, having been generated by the value of the class members' claims, belong solely to the class members.

*Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 474 (5th Cir. 2011)(footnotes omitted). The class representatives owe the class members a fiduciary duty to protect that constitutionally recognized property right. *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 801 (3d Cir. 1995); *In re Pet Food Products Liability Litigation*, 629 F.3d 333, 350 (3rd Cir. 2010)(a district court must ensure that class counsel "has protected the interests of all class members."). The class representative's failure to protect the class members' interests here by giving away class members' money to their parties renders them inadequate class representatives.

The class representatives violated their duty to the class in three respects: (1) they guaranteed payments to third parties, (2) in the event claims exceed the settlement fund, they agreed to reduce class member payments rather than the payments to third parties, and (3) in the event of unclaimed funds, they agreed to give those to third parties rather than to class members who filed a claim.

## 1. The class representatives are not adequate because they agreed to give class members' money to third parties

The Settlement Agreement takes class member's money and gives it to third parties:

> Within thirty (30) days after the attainment of the Final Settlement Date, Merck will make the guaranteed cy pres payments of $333,333.33 each to the Legal Aid Foundation of Los Angeles ("LAFLA") and Legal Services of New York City ("LSNYC"), and $333,333.34 to Legal Services of New Jersey ("LSNJ") (hereinafter the "guaranteed cy pres awards").

Settlement Agreement p. 14. The $1 million being paid to those third parties is the class members' money and the class representatives' agreement to *guarantee* to take away that money from class members and give it to third parties is a breach of their fiduciary duty to the class and renders them inadequate representatives.

**2. The class representatives are not adequate because they agreed to reduce class member's claims, rather than the *cy pres* payments, in the event claims exceed the maximum under the settlement**

The class representatives were additionally inadequate, and further breached their fiduciary duties to the class, by putting the interests of the third party charities over those of class members in the event of excess claims:

> If the amounts required to pay (a) all timely, valid and approved Claims; (b) the guaranteed cy pres awards; (c) claim administration and associated costs; and (d) payments to Named Plaintiffs for incentive awards as ordered by the Court, exceed the $10 million maximum, the balance of the Settlement Fund (i.e., the balance of the $10 million maximum) remaining following payment of the amounts to be paid as specified in sections (b)-(d) of this paragraph, shall be distributed among all timely, valid and approved Claims such that the cash payment for each Eligible Coppertone Sunscreen Product shall be the amount resulting from dividing the amount remaining in the Settlement Fund after payments have been made for the items specified in sections (b)-(d) of this paragraph, by the number of Eligible Coppertone Sunscreen Products for which timely, valid and approved Claims have been submitted.

Settlement Agreement p. 20-21.  Had the class representatives fulfilled their duties to the class and had they been adequate representatives, they would have reduced or eliminated the *cy pres* payments in that instance, not the class members' payments.  This provision establishes beyond doubt that the class representatives put the interests of the third parties over the class members' interests.

**3. The class representatives are not adequate because they agreed to provide any unclaimed money to third parties rather than to class members who filed claims**

The class representatives were additionally inadequate, and further breached their fiduciary duties to the class, by putting the interests of the third party charities over those of class members in the event of a shortage of claims:

> Any amount of the $3 million minimum not used to pay (a) all timely, valid and approved Claims; (b) claim administration and associated costs; (c) payments to Named Plaintiffs for incentive awards as ordered by the Court; and (d) the guaranteed cy pres awards, shall be paid in equal amounts as cy pres to LAFLA, LSNYC, and LSNJ. Any such residual amounts to be paid as cy pres to LAFLA, LSNYC, and LSNJ shall be paid no later than thirty (30) days after the expiration of the last uncashed check issued to Claimants.

Settlement Agreement p. 21.  Had the class representatives fulfilled their duties to the class and had they been adequate representatives, they would have increased the class members' payments in that instance.

## III. Objections to the Settlement

A district court may approve a settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C).  Settlements that take place prior to formal class certification, as was the case here, require a higher standard of fairness:

> We ask district courts to apply an even more rigorous, "heightened standard" in cases "where settlement negotiations precede class certification, and approval for settlement and certification are sought simultaneously."  We have explained that this "heightened standard is designed to ensure that class counsel has demonstrated sustained advocacy throughout the course of the proceedings and has protected the interests of all class members."

*In re Pet Food Products Liability Litigation*, 629 F.3d 333, 350 (3rd Cir. 2010) (citations omitted).

The settlement is not fair, reasonable, or adequate, and Objector objects to the settlement, for the following reasons.

### A. The *cy pres* provisions render the settlement unfair, unreasonable and inadequate

As indicated above, the Settlement Agreement gives away class members' money to third parties in three ways: (1) guaranteed payments to third parties, (2) in the event claims exceed the settlement fund, class member payments are reduced rather than the payments to third parties, and (3) in the event of unclaimed funds, those go to third parties rather than to class members who filed a claim.  Settlement Agreement p. 14, 20-21.  These provisions prevent a finding that the settlement is fair, reasonable, and adequate.

Class members have a constitutional property right to the settlement fund:

> [A] class settlement generates property interests. Each class member has a constitutionally recognized property right in the claim or cause of action that the class action resolves. The settlement-fund proceeds, having been generated by the value of the class members' claims, belong solely to the class members.

*Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 474 (5th Cir. 2011)(footnotes omitted). *Cy pres* payments are not permitted if the settlement funds can be distributed to class members.  *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012).  That is clearly not the case here, because (1) the guaranteed $1 million could be paid directly to class members who file claims, and (2) any unclaimed funds could also be paid directly to

4

class members who file claims.  There is simply no basis for taking class members' money and giving it to third parties.

The Fifth Circuit has explained the policy applicable to this case:

> Because the settlement funds are the property of the class, a *cy pres* distribution to a third party of unclaimed settlement funds is permissible "only when it is not feasible to make further distributions to class members." Where it is still logistically feasible and economically viable to make additional pro rata distributions to class members, the district court should do so, except where an additional distribution would provide a windfall to class members with liquidated-damages claims that were 100 percent satisfied by the initial distribution.

*Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d at 475 (footnotes omitted).  In this case, "it is still logistically feasible and economically viable to make distributions to class members," and "class members [do not have] liquidated-damages claims that were 100 percent satisfied by the initial distribution."  Thus, the court may not approve the Settlement Agreement because it contains an impermissible *cy pres* provision.  *See also*, *In re Pet Food Products Liab. Litig.*, 629 F.3d 333, 359 (3d Cir. 2010)(Weis, concurring and dissenting)("I would hold that any funds remaining at the conclusion of the claims process should be distributed to class members where possible or should be escheated to the government.").

The American Law Institute has set out three principles regarding *cy pres* payments in class action settlements, and this settlement violates all three of those principles:

> (a) If individual class members can be identified through reasonable effort, and the distributions are sufficiently large to make individual distributions economically viable, settlement proceeds should be distributed directly to individual class members.

> (b) If the settlement involves individual distributions to class members and funds remain after distributions (because some class members could not be identified or chose not to participate), the settlement should presumptively provide for further distributions to participating class members unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair.

> (c) If the court finds that individual distributions are not viable based upon the criteria set forth in subsections (a) and (b), the settlement may utilize a cy pres approach. The court, when feasible, should require the parties to identify a recipient whose interests reasonably approximate those being pursued by the class. If, and only if, no recipient whose interests reasonably approximate those being pursued by the class can be identified after thorough investigation and analysis, a court may approve a recipient

5

> that does not reasonably approximate the interests being pursued by the class.

Am. Law Inst., *Principles of the Law: Aggregate Litigation,* § 3.07 (2010).

The settlement here violates § 3.07 (a) because individual class members can be identified through reasonable effort, and the distributions are sufficiently large to make individual distributions economically viable.  Both the $ 1 million in guaranteed payment and any unclaimed monies should be paid to class members who file claims, not third parties.

The settlement here violates § 3.07 (b) because any unclaimed portions of the settlement fund can easily and economically be paid to class members who file claims by simply increasing the payment to them – no second round of payments would be necessary.  The comments to the Principles are on point:

> Assuming that class members can be reasonably identified and that direct distributions make economic sense, funds may remain because some class members could not be identified or chose not to file claims. Under this Section, assuming that further distributions to the previously identified class members would be economically viable, that approach is preferable to cy pres distributions.  This Section rejects the position urged by a few commentators that a cy pres remedy is preferable to further distributions to class members. Those commentators reason that further direct distributions would constitute a windfall to those class members. However, few settlements award 100 percent of a class member's losses, and thus it is unlikely in most cases that further distributions to class members would result in more than 100 percent recovery for those class members. In any event, this Section takes the view that in most circumstances distributions to class members better approximate the goals of the substantive laws than distributions to third parties that were not directly injured by the defendant's conduct.

*Id*.

The settlement here violates § 3.07 (c) because the legal services entities do not reasonably approximate the interests being pursued by the class.

## B.  The *cy pres* provision, even if permitted, fails to benefit class members

Even if a *cy pres* payment were appropriate here (as shown above, it is not), it still must meet three requirements:  (1) address the objectives of the underlying statutes, (2) target the plaintiff class, and (3) provide reasonable certainty that any member will be benefitted.  *Dennis v. Kellogg Co.*, *supra*; *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011).  The *cy pres* award here fails to satisfy any of those requirements.

The Legal Aid entities do not have anything to do with sunscreen or the claims made in this case.  There is no showing that even a single class member uses their services.  Any permissible *cy pres* payment should have gone to a national organization that targets the class members and the interests sought to be enforced in this case.  At the very least, any *cy pres* recipient for a national class should be a national organization.  Moreover, in this case there are national organizations that do reasonably approximate the interests being pursued by the class, like The Skin Cancer Foundation, http://www.skincancer.org/.

## IV. Objections to an Award of Attorneys' fees

Objector objects to fee request for the following reasons.

### A.  Class counsel breached its duty to the class so should not recover any fees

When Class Counsel breaches its duty to the class, it waives any right to a fee for its services.  *Rodriguez v. Disner*, 688 F.3d 645, 657 (9th Cir. 2012).  In this case Class Counsel breached its duty to the class by agreeing to give away settlement funds to a third party rather than class members.  Thus, the court should not award any fee to Class Counsel.

The issue regarding whether remaining funds are paid to class members or a third party should be an easy one for Class Counsel.  The Defendant has no stake in the issue because they have to pay the amount regardless of who ends up getting the money.  Thus, Class Counsel should have demanded that the remaining funds be paid to class members rather than a third party charity.  Their decision to give away class members' money to a third party is a clear breach of Class Counsel's fiduciary duty to the class and constitutes a waiver of their right to a fee.  The Court should deny the fee request in its entirety.

## V.  Prayer

Regarding the proposed class settlement, the Court is limited to a single decision: approve or disapprove the settlement.  *Evans v. Jeff D.*, 475 U.S. 717, 726-727 (1986).  The Court may not amend the settlement.  *Id.*  Thus, Objector prays that the Court disapprove the settlement and deny the motion to certify.  If the Court nevertheless approves the settlement, Objector prays that the Court deny the requested fees to Class Counsel.  Objector further prays that the Court grant Objector such other and further relief as to which Objector may be entitled.

/s/ Robert E. Margulies
ROBERT E. MARGULIES, ESQ.

MARGULIES WIND
A Professional Corporation
Harborside Plaza 10
3 Second Street – Suite 1201
Jersey City, NJ 07311

201-333-0400
201-333-1110-fax

Jeffrey Weinstein
TX State Bar No. 21096450
WEINSTEIN LAW
518 East Tyler Street
Athens, TX   75751
903/677-5333
903/677-3657 – facsimile
*Subject to Court Approval Pro Hac Vice*

ATTORNEYS FOR OBJECTOR

## Certificate of Service

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record by electric mail by the Clerk of the Court via the CM/ECF system on January 31, 2013, including the following:

Clerk of the Court
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Mitchell Twersky
Abraham, Fruchter & Twersky, LLP
One Penn Plaza Suite 2805
New York, NY 10119

John P. Hooper
David E. Stanley
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

/s/ Robert E. Margulies
ROBERT E. MARGULIES, ESQ.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

STEVEN BRODY, CHAIM HIRSCHFELD and SUZANNE
GRUNSTEIN, on behalf of themselves and all others similarly
situated, Plaintiffs,
vs.

Civil Action No.

12-cv-4774-PGS-DEA

Merck & Co., Inc., f/k/a Schering-Plough Corporation, MSD
Consumer Care, Inc., f/k/a Schering-Plough Healthcare
Products, Inc., Merck Sharp & Dohme Corp., as successor in
interest to Schering Corporation, Scheringplough Healthcare
Products Sales Corporation, and Schering-Plough Healthcare
Products Advertising Corporation, Defendants.

## DECLARATION OF CINDY BECK

1.  My name is Cindy Beck. I am capable of making this Declaration. The
    facts stated in this Declaration are within my personal knowledge and are
    true and correct.

2.  I represent and warrant, under penalty of perjury, that I purchased, in the
    United States of America and before October 5, 2012, a Coppertone
    product that was labeled to provide protection against the sun's UVA
    and/or UVB rays.

3.  I did not purchase the Coppertone product for purposes of resale. I am not
    an officer, director, employee, or counsel of any Defendant. I am not
    Plaintiffs' counsel. I am not a member of the staff or immediate family of
    the Honorable Peter G. Sheridan, the Honorable John Shepard Wiley, Jr.,
    or the Honorable Carl West.

4.  My address is 207A Webster Way, Athens, Texas 75751. My telephone
    number is (636) 577-5872, but I request that any communications be made
    through my counsel.

5.  I do not believe the proposed settlement is fair, reasonable, or adequate
    and I believe that approval of the settlement is not in the best interests of
    the class. My objections are set out in the Objections document to which
    this declaration is attached.

6.  I declare under penalty of perjury under the laws of the United States of
    America that the foregoing is true and correct.

Executed on January 24th, 2013 in Athens, Texas.

Cindy Beck

1