IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BRODY, CHAIM HIRSCHFELD and SUZANNE GRUNSTEIN, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>MERCK & CO., INC., f/k/a SCHERING-PLOUGH CORORATION, MSD CONSUMER CARE, INC., f/k/a SCHERING-PLOUGH HEALTHCARE PRODUCTS,  INC., MERK SHARP & DOHME CORP., AS SUCCESSOR IN INTEREST TO SCHERING CORPORATION, SCHERING-PLOUGH HELATHCARE PRODUCTS ADVERTISING CORPORATION,<br><br>Defendants. | Civil Action No.12-cv-4774-PGS-DEA<br><br>OBJECTION TO CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES |

    Class member **CHRISTOPHER BATMAN** objects to this settlement as unfairly structured to benefit the attorneys at the expense of the class. *See, e.g., In re Bluetooth Headset Prod. Liab. Litigation,* 654 F.3d 935 (9th Cir. 2011). While plaintiffs claim that the settlement benefit is $10 million, in reality there is a cumbersome claims process that will likely result in less than $0.5 million actually paid to the class—a fact hidden by the fact that the fairness hearing is scheduled well before the claims deadline, and that $2.5 million of what will be a $3 million settlement fund is being paid to third parties unrelated to the class. Meanwhile, the attorneys asking for $2 million in fees and expenses, four times what the class will receive.

    Moreover, many class members are entitled to zero relief in this settlement, though their claims are waived. This uncertified subclass requires separate representation or equal recovery under Third Circuit law. *See Dewey v. Volkswagen AG*, 681 F.3d 170 (3d Cir. 2012).

    To top it all off, the *cy pres* is unacceptably unfair to the national class for two reasons. *First*, it goes to local charities in New York, Los Angeles, and New Jersey—leaving over 90% of

the class with no *cy pres* relief. This is wrong. *See, e.g.*, *Nachshin v. AOL LLC*, 663 F.3d 1034 (9th Cir. 2011); ALI *Principles of the Law of Aggregate Litigation* §3.07. *Second*, it is unfair to provide money to third-party *cy pres* recipients when there remain class members who have not been fully compensated. *Klier v. Elf Atochem North America, Inc.,* 658 F. 3d 468 (5th Cir. 2011).

For each of these four independent reasons, the settlement must be rejected.

## I.     CHRISTOPHER BATMAN IS A MEMBER OF THE CLASS AND THUS IS ENTITLED TO OBJECT UNDER RULE 23(e)(5).

Christopher Batman objects to this unfair settlement. As documented in his attached declaration, he is a member of the class.  His address is 500 North Shoreline Boulevard, Suite 1020, Corpus Christi, Texas 78401, and his phone number is 361.698.5255.

Batman further objects to Section 12(a) of the Preliminary Approval Order as a violation of Rule 23(e)(5). Under Rule 23(e)(5), "any class member may object." But the Preliminary Approval Order purports to create additional requirements before class members may object—even though class members need not meet the same requirements before claiming money in the case. The attorneys are plainly trying to shield this unfair settlement and unfair fee request from scrutiny.

## II.     BECAUSE THE SETTLEMENT BENEFIT CALCULATED BY CLASS COUNSEL IS INFLATED, THE SETTLEMENT HAS ALL THREE SIGNS OF *BLUETOOTH* SELF-DEALING.

Class counsel values the settlement benefit at $10 million because that's what class members might claim under the settlement. This is wrong. The benefit to the class is the amount **actually received** by the class. *See, e.g.,* Advisory Committee Notes to 2003 Amendments to

Rule 23.[1] In fact, class members are likely to claim less than $0.5 million in this settlement, a fact hidden to this court by establishing a claims deadline after the fairness hearing. The settlement benefit is further inflated by including $1.5 million in notice and administration expenses. This is also wrong. Benefits to third parties such as settlement administrators are not benefits to the class; rather, as the Seventh Circuit has held, they are social costs of class actions. *In re Aqua Dots*, 654 F.3d 748 (7th Cir. 2011). Moreover, notice is a benefit to the *defendants*, not to the class: the defendants rely on notice to comply with due process and create claim preclusion. Without notice, absent class members might be able to bring identical claims against the defendant in a new lawsuit. *E.g.*, *Hecht v. United Collection Bureau*, 691 F.3d 218 (2d Cir. 2012). Class members are not indifferent to whether 5% or 50% of the cost of a settlement is for notice and administration expenses, but treating those third-party expenditures as a class benefit implies that class members do not care whether the defendant pays $1 to a class member or $1 to the Garden City Group.

**YET CLASS COUNSEL IS COLLECTING $2 MILLION FOR THEMSELVES** under Rule 23(h). (And this $2 million is an underestimate, because class counsel reserves the right to double-dip with a fee request in parallel California litigation. Settlement IX.F.) The $2 million is exceptionally unfair in a case where the class receives so little and was settled in Docket No. 14. Thus, the settlement contains all three indicia of self-dealing criticized by *Bluetooth*: disproportionate relief for the attorneys relative to the class (a ratio here of 4 to 1 in the wrong direction); a clear-sailing clause forbidding defendants from challenging the fee; and a "kicker" protecting the proposed fee from the class by reverting any excess back to the defendant in the event of an order reducing the fee. 654 F.3d at 946-49. While this is not a "common fund" settlement, it should be treated like a constructive common fund—and one that awards the lion's share of the benefit to the attorneys, rather than the class. *Id.*

---

[1] Furthermore, most of the class benefits will not be realized for several years, while class counsel collects today. As the Seventh Circuit has repeatedly recognized, the value of a dollar in five years or ten years is not the value of a dollar today.

Nor can the parties point to the meaningless "injunctive relief" as a class benefit. The "injunctive relief" cannot be considered consideration to the class for waiving its claims, because it is equally applicable to non-class members and to opt-outs as to class members who have suffered injury. Prospective injunctive relief is not compensation for past injuries for consumer fraud. *Synfuel Techs. v. DHL Express (USA), Inc.*, 463 F.3d 646, 654 (7th Cir. 2006); *see also McNair v. Synapse Group, Inc.*, 672 F.3d 213 (3d Cir. 2012) (class representatives aware of alleged misrepresentation have no standing to seek prospective injunctive relief). Moreover, the class counsel is taking credit for "injunctive relief" for something Merck was already doing before it signed the settlement. As the *ALI Principles* note, this is worth zero to the class.

The combination of problems requires settlement rejection for unfair self-dealing by the attorneys.

### III.     THE SETTLEMENT VIOLATES RULE 23(a)(4).

Though there is only one settlement class—"all natural persons who purchased Eligible Coppertone Sunscreen Products in the United States of America, including any territories and/or possessions, up to and including October 5, 2012"—the settlement precludes recovery for class members who suffered injury from products purchased before July 31, 2006. This is illegal in the Third Circuit and elsewhere without separate representation for the disadvantaged uncertified subclass of pre-July 2006 purchasers. *Dewey v. Volkswagen AG*, 681 F.3d 170 (3d Cir. 2012); *In re Literary Works*, 654 F.3d 242 (2d Cir. 2011).

### IV.     THE SETTLEMENT'S CY PRES PROVISIONS ARE ILLEGAL.

The settlement's cy pres provisions are illegal and require settlement rejection for two separate and independent reasons.

**First**, the cy pres recipients are Legal Aid Foundation of Los Angeles ("LAFLA"), Legal Services of New York City ("LSNYC"), and Legal Services of New Jersey ("LSNJ"). This is perhaps a benefit to the communities of the New York and California and New Jersey attorneys,

but it is not a benefit to class members like Mr. Batman, who live in Texas. This is a national class, and the *cy pres* must have national scope. *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011); *ALI Principles* § 3.07.

**Second**, though some class members are going entirely uncompensated, and others receive only partial relief, the settlement gives priority to the third-party cy pres recipients over the class. This is wrong: the money belongs to the class, not to the attorneys' favorite charities. *Klier v. Elf Atochem North America, Inc.,* 658 F. 3d 468 (5th Cir. 2011); *contra McDonough v. Toys "R" Us, Inc.*, 834 F. Supp. 2d 329 (E.D. Pa. 2011), *appeal pending,* No. 12-1165, 1166, 1167 (3d Cir.).

If nothing else, the over $1 million that will be paid to third-party charity should not be treated as if it is over $1 million being paid to the class when determining a reasonable fee. *In re Heartland Payment Sys., Inc.*, 851 F. Supp. 2d 1040, 1076-77 (S.D. Tex. 2012) ($1 paid to *cy pres* is not equal value to $1 paid to class).

## CONCLUSION

For these four independent reasons, the settlement must be rejected. If the settlement is approved, the Rule 23(h) award should be reduced to an amount proportional to the amount the class *actually received*, with a discount for any money paid to *cy pres*.

Batman joins the objections of any other objection filed to the extent it is not inconsistent with this one.

Dated: January 31, 2013        Respectfully submitted,

          /s/ Samuel J. Myles
Samuel J. Myles, Esq.
State Bar No. 018712000
**HOLSTON, MacDONALD, UZDAVINIS, ZIEGLER & LODGE, P.A.**
66 Euclid Street
Woodbury, NJ  08096
856-848-5858 (phone)
856-848-1898 (fax)
smyles@holstonlaw.com
www.holstonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of January I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case. I further certify that I caused the foregoing document to be sent via first class mail to the following participants, at the addresses listed below:

Mitchell Twersky
Abraham, Fruchter & Twersky, LLP
One Penn Plaza, Ste. 2805
New York, NY 10119

John P. Hooper
David E. Stanley
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

                                                  /s/ Samuel J. Myles
                                                  Samuel J. Myles, Esq.