

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BRODY, CHAIM HIRSCHFELD, on, and SUZANNE GRUNSTEIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCK & CO., INC., f/k/a SCHERING-PLOUGH CORPORATION, MSD CONSUMER CARE, INC., f/k/a SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., MERCK SHARP & DOHME CORP., AS SUCCESSOR IN INTEREST TO SCHERING CORPORATION, SCHERING-PLOUGH HEALTHCARE PRODUCTS SALES CORPORATION, AND SCHERING-PLOUGH HEALTHCARE PRODUCTS ADVERTISING CORPORATION,<br><br>Defendants. | Civil Action No. 12-cv-4774-PGS-DEA |



## [PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

This motion for final approval, having been brought before the Court jointly by the Parties, the Parties having entered into a Settlement Agreement, with its attached exhibits (collectively, the "Settlement Agreement"), signed and filed with this Court on September 21, 2012, to settle the above-captioned action (the "Action"); and

The Court having entered an Order dated September 28, 2012 (the "Preliminary Approval Order"), preliminarily certifying the putative settlement class in this action for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), ordering individual and publication notice to potential Settlement Class Members, scheduling a Final Approval Hearing for February 20,

2013, providing potential Settlement Class Members with an opportunity either to exclude themselves from the settlement class or to object to the proposed settlement and issuing related Orders; and

The Court having held a Final Approval Hearing on February 20, 2013 (and on March 12, 2013) to determine whether to grant final approval of the proposed settlement and issue related relief; and

The Court having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and having heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order, and based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby

**ORDERED AND DECREED** as follows:

1. **Incorporation of Other Documents.** This Final Order Approving Class Action Settlement ("Final Approval Order") incorporates and makes a part hereof: (a) the Settlement Agreement, including all amendments and exhibits thereto, and definitions included therein, which was signed and filed with this Court on September 21, 2012; (b) the briefs, affidavits, declarations, and other materials filed in support of the settlement and Settlement Class Counsel's request for an award of attorneys' fees and reimbursement of expenses; (c) the record at the Final Approval Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in this Action and the Coordinated Proceeding, as that term is defined in the Settlement Agreement.

2. **Jurisdiction.** Because due, adequate, and the best practicable notice has been disseminated and all potential Settlement Class Members have been given the opportunity to exclude themselves from or object to this class action settlement, the Court has personal

jurisdiction over all Settlement Class Members (as defined below). The Court has subject-matter jurisdiction over the claims asserted in the complaint and/or the Action pursuant to 28 U.S.C. §§ 1332, and 1367, including, without limitation, jurisdiction to approve the proposed settlement and the Settlement Agreement and all exhibits attached thereto, grant final certification to the Settlement Class, dismiss the Action on the merits and with prejudice and issue related orders. The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

3. **Final Class Certification.**  The Settlement Class preliminarily certified by this Court is hereby finally certified for settlement purposes only under Fed. R. Civ. P. 23(a), (b)(3), and (c)(2), the Court finding that the Settlement Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process. The Settlement Class shall consist of all natural persons who purchased Eligible Coppertone Sunscreen Products in the United States of America, its territories and possessions up to the date notice was first disseminated pursuant to the Notice Plan. "Eligible Coppertone Sunscreen Products" means any and all sunscreen products sold in the United States of America, its territories and possessions under the brand name "Coppertone," which were labeled and/or advertised to provide protection against the sun's UVA and/or UVB rays. Excluded from the Settlement Class are: (a) all persons who timely and validly request exclusion from the Settlement Class; (b) natural persons who purchased Eligible Coppertone Sunscreen Products for purposes of resale; (c) Defendants' officers, directors, and employees; (d) Defendants' Counsel; (e) Plaintiffs' Counsel; (f) this Court and the members of his or her staff and immediate family; (g) the Honorable John Shepard Wiley, Jr. and the members of his staff and immediate family; (h) the Honorable Carl West and the members of his staff and immediate family; and (i) any Judge to which the case is subsequently assigned and the members of his or her staff and immediate family, if applicable.

- 4 -

4. **Requests for Exclusion**. The Court finds that only those natural persons listed in ~~Exhibit A to~~ the Declaration of Jennifer Keough dated February 3, 2013, filed with the Court, have submitted timely and valid requests for exclusion from the Settlement Class and are therefore not bound by this Final Approval Order and accompanying Final Judgment. Settlement Class Counsel and Defendants' Counsel may mutually agree to allow additional Settlement Class Members to exclude themselves or to withdraw their exclusion requests by filing an appropriate notice with the Court.

5. **Adequacy of Representation**. Settlement Class Plaintiffs Steven Brody, Chaim Hirschfeld and Suzanne Grunstein have adequately represented the Settlement Class for purposes of entering into and implementing the settlement. Abraham, Fruchter & Twersky LLP is experienced and adequate Settlement Class Counsel. Settlement Class Plaintiffs and Settlement Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(3), 23(a)(4) and 23(g).

6. **Class Notice**. The Court finds that the dissemination of the Long Form Notice, the publication of the Publication Notice, the establishment of the Settlement Website containing settlement-related materials, issuance of the press release, the establishment of the toll-free telephone number, and all other notice methods set forth in the Settlement Agreement and the Declaration of the Notice and Settlement Administrator (as defined in the Settlement Agreement) and the notice methodology implemented pursuant to the Settlement Agreement and the Declaration of Lael D. Dowd, APR, dated January 16, 2013 and filed with the Court:

   a. constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

   b. constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of this action; (ii) the terms

- 5 -

of the proposed settlement; (iii) their rights under the proposed settlement; (iv) their right to exclude themselves from the Settlement Class and the proposed settlement; (v) their right to object to any aspect of the proposed settlement (including, but not limited to, final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class's representation by Plaintiffs or Settlement Class Counsel and/or the award of attorneys' fees); (vi) their right to appear at the Final Approval Hearing – either on their own or through counsel hired at their own expense – if they did not exclude themselves from the Settlement Class; and (vii) the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who did not request exclusion from the Settlement Class;

c. constituted notice that was reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

d. constituted notice that met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

7. **Final Settlement Approval.**  The terms and provisions of the proposed settlement and Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness

Act (P.L. 109-2), the United States Constitution (including the Due Process Clause), and any other applicable law⸲ [handwritten insertion: including but not limited to In re Baby Products — F.3d — (3d Cir. 9/19/12), (PCS)] The settlement is approved and all objections to the settlement, if any, are overruled as without merit. The Parties are hereby ordered to implement and consummate the Settlement Agreement according to its terms and provisions. Merck is hereby ordered to take all steps necessary and appropriate to provide Settlement Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement.

8. **Early Implementation.** Merck is hereby authorized – in its sole discretion but in consultation with Settlement Class Counsel, and without requiring further approval of this Court – to implement the settlement before the Final Settlement Date (as defined in the Settlement Agreement), in which case all provisions in the Settlement Agreement specifying actions to be taken on or after the Final Settlement Date shall, to the extent necessary, be deemed to provide that those actions shall be taken on or after the date Merck elects to implement the settlement.

9. **Binding Effect.** The terms of the Settlement Agreement and of this Final Approval Order and the accompanying Final Judgment shall be forever binding on Plaintiffs, Merck and all Settlement Class Members, as well as their heirs, executors and administrators, predecessors, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that are encompassed by Plaintiffs' Release or Defendants' Release.

10. **Plaintiffs' Release.** Plaintiffs' Release, which is also set forth in Section VII of the Settlement Agreement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Approval Order and the accompanying

Final Judgment, and forever discharges the Released Defendants from any claims or liabilities arising from or related to Plaintiffs' Release:

    1)   A.   The Parties agree to the following release and waiver ("Plaintiffs' Release"), which shall take effect upon entry of the Final Approval Order and Final Judgment.

    2)   In consideration for the settlement benefits described in the Settlement Agreement, all Settlement Class Members who have not validly excluded themselves from the Settlement Class pursuant to Section V of the Settlement Agreement, on behalf of themselves, their heirs, guardians, assigns, executors, administrators, predecessors, and/or successors, fully, finally, and forever release, discharge, relinquish, acquit, and hold harmless the Released Defendants from any and all claims, demands, suits, petitions, liabilities, causes of action, costs, expenses, interest, obligations, reckonings, rights, judgments, contracts, agreements, executions, promises and liens, whether past, present or future, mature or not yet mature, known or unknown, suspected or unsuspected, anticipated or unanticipated, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, derivative or direct, asserted or unasserted, concealed or hidden, whether based on federal, state or local law, Constitution, statute, ordinance, regulation, code, contract, common law, or equity or any other source, by any Settlement Class Member against any or all of the Released Defendants in the Action, the Coordinated Proceeding and/or in any other court action, tribunal, arbitration, commission, agency, or before any governmental and/or administrative body (including any action or proceeding brought on behalf of any state Attorney General or regulatory entity or organization) or any other adjudicatory body, on the basis of, connected with, arising from, or in any way whatsoever related to, except as otherwise specified below, the marketing, promotion, advertising, sale, distribution, and/or purchase of Eligible Coppertone Sunscreen Products and/or the claims alleged in the Action. More particularly, but without in any way limiting the generality of the foregoing, the Parties agree that Plaintiffs' Release applies to claims arising from, directly or indirectly, or in any way whatsoever pertaining or relating to the claims alleged in the Action, including but not limited to, in whole or in part, any and all acts, communications, affirmations, publications, omissions, impressions, disclosures, nondisclosures, facts, circumstances, matters, transactions, occurrences, oral or written statements, representations, portrayals, depictions, claims, messaging, or misrepresentations, on the internet or otherwise, that have been, may have been, could have been and/or were allegedly made, directly or indirectly, in connection with, arising out of, relating to or connected in any way with any labeling, warranties, practices, advertising, marketing, campaigning, development, packaging, promotion, displays, brochures, manufacturing, operation, performance, functionality, notification, providing, offering, dissemination, sale/resale and/or distribution of Eligible Coppertone Sunscreen Products, which have been asserted or which could have been asserted in this Action and/or the Coordinated Proceeding, including, but not limited to, the claim that Eligible Coppertone Sunscreen Products

misrepresented the nature, extent, amount and/or effectiveness of UVA and/or UVB protection provided by these products. Settlement Class Members shall not now or hereafter institute, maintain, prosecute, assert or cooperate in the institution, commencement, filing, or prosecution of any suit or proceeding against the Released Defendants, either directly or indirectly, on their own behalf, on behalf of the Settlement Class or on behalf of any other person or entity with respect to the claims, causes of action and any other matters released under the Settlement Agreement.

3)   Notwithstanding any other language in this section and/or the Settlement Agreement, including Section VII thereof, Plaintiffs and the other members of the Settlement Class are not, by virtue of the Agreement, releasing any claims of or relating to personal injury, including personal injury claims relating to or arising from product liability.

4)   Plaintiffs represent and warrant that they are the sole and exclusive owners of all claims that they personally are releasing under the Settlement Agreement. Plaintiffs further acknowledge that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds or values, and that Plaintiffs are not aware of anyone other than themselves claiming any interest, in whole or in part, in their rights and interests in the Action or in any benefits, proceeds or value due them under the Action. Settlement Class Members submitting a Claim Form shall represent and warrant therein that they are the sole and exclusive owner of all claims that they personally are releasing under the Settlement and that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds or value under the Action, and that such Settlement Class Member(s) are not aware of anyone other than themselves claiming any interest, in whole or in part, in their rights and interests in the Action or in any benefits, proceeds or value due them in connection therewith.

5)   Without in any way limiting its scope, Plaintiffs' Release covers by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, costs or any other fees, costs, and/or disbursements incurred by Settlement Class Counsel and/or any other counsel representing Plaintiffs in this Action, or by Plaintiffs or the Settlement Class Members with respect to the claims, causes of action and any other matters released under Plaintiffs' Release, except to the extent otherwise specified in the Settlement Agreement, including without limitation, the provisions of Section IX of the Settlement Agreement.

6)   Plaintiffs and all Settlement Class Members expressly agree that Plaintiffs' Release will be, and may be raised as, a complete defense to and will preclude any action or proceeding encompassed by Plaintiffs' Release.

7)      Plaintiffs and all Settlement Class Members expressly understand and acknowledge that certain principles of law, including, but not limited to, Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which a creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable – notwithstanding that the Settlement Class and Defendants have chosen New Jersey law to govern the Settlement Agreement – Plaintiffs and the Settlement Class Members agree that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished and released by Plaintiffs and the Settlement Class Members.

8)      In connection with Plaintiffs' Release, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the released claims. Nevertheless, it is the intention of Plaintiffs and the Settlement Class Members in executing Plaintiffs' Release to fully, finally, and forever settle, release, discharge, and hold harmless all such matters, and all claims relating thereto, which exist, hereafter may exist, or might have existed that in any way relate to the Eligible Coppertone Sunscreen Products purchased prior to the date notice is first disseminated pursuant to the Notice Plan and/or the claims alleged in the Action with respect to such products (whether or not previously or currently asserted in any action or proceeding), except as otherwise specified in the Settlement Agreement, including as stated in subsection C of Section VII of the Settlement Agreement.

9)      Nothing in Plaintiffs' Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.

10)     Plaintiffs and the Settlement Class Members hereby agree and acknowledge that the provisions of Plaintiffs' Release discussed in Section VII of the Settlement Agreement and Defendants' Release discussed in Section VIII of the Settlement Agreement together constitute essential and material terms of the Settlement Agreement and shall be included in any Final Approval Order and Final Judgment entered by the Court.

11)     The Settlement Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties, neither the Settlement Agreement nor the releases given in the Settlement Agreement, nor any consideration therefor, nor any actions taken to carry out the Settlement Agreement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law (including but not limited to matters respecting class

certification) on the part of any of the Released Defendants, Plaintiffs or Plaintiffs' Counsel. Defendants deny the allegations of the complaint in the Action. Neither the Settlement Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by the Released Defendants, Plaintiffs or Plaintiffs' Counsel, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by the Released Defendants, Plaintiffs or Plaintiffs' in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce the Settlement Agreement.

11. **Defendants' Release**. Defendants' Release, which is also set forth in Section VIII of the Settlement Agreement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Approval Order and the accompanying Final Judgment, and forever discharges Robert Gaston, Steven Brody, Chaim Hirschfeld and Suzanne Grunstein and Settlement Class Counsel from any claims or liabilities arising from or related to Plaintiffs' Release:

> Upon entry of the Final Approval Order and Final Judgment, Defendants hereby fully, finally, and forever release and discharge any and all claims, whether known or unknown, which Defendants may have against Steven Brody, Chaim Hirschfeld, Suzanne Grunstein and Mr. Gaston and/or their counsel, including Settlement Class Counsel, for damages, penalties, fines or sanctions arising out of or pertaining to the prosecution or conduct of the Action or the Coordinated Proceeding (the "Defendants' Release"); and such settled claims shall be fully, finally and forever compromised, settled, discharged, dismissed with prejudice, and released pursuant to the terms and conditions set forth herein; provided however that nothing contained herein shall release any right or preclude any action to enforce the terms of the Settlement Agreement.

12. **Permanent Injunction.**

a.     Merck is hereby permanently barred and enjoined from using the terms "sunblock," "waterproof," "sweatproof," "all day" and/or "all day protection" in the labeling, advertising, marketing or promotion of all Coppertone sunscreen products manufactured on or after June 22, 2012 for sale in the United States, its territories and possessions. Any Coppertone

sunscreen products manufactured on or after June 22, 2012 for sale in the United States, its territories and possessions shall comply with the requirements set forth in the Final Rule styled "Labeling and Effectiveness Testing; Sunscreen Drug Products for Over-the-Counter Human Use" and codified at 76 FR 35620 ("Final Rule"), except with respect to one (1) ounce Coppertone sunscreen products, as to which Merck represents it is still determining how to comply with the Final Rule given the limited space on these products. Merck is further hereby ordered to comply with any subsequent enforcement rulings under the Final Rule as they become effective.

      b.    All Settlement Class Members and/or their representatives who have not been timely excluded from the Settlement Class are hereby permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in, continuing or receiving any benefits from, as class members or otherwise, any lawsuit (including putative class actions), arbitration, administrative, regulatory or other proceeding in any jurisdiction that is covered by Plaintiffs' Release. All Settlement Class Members and all persons in active concert or participation with Settlement Class Members are permanently barred and enjoined from organizing or soliciting the participation of any Settlement Class Members who did not timely exclude themselves from the Settlement Class into a separate class or group for purposes of pursuing a putative class action, any claim or lawsuit in any jurisdiction that is covered by Plaintiffs' Release. Pursuant to 28 U.S.C. §§ 1651 (a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this Action.

      13.    **Enforcement of Settlement.**  Nothing in this Final Approval Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement

Agreement; nor shall anything in this Final Approval Order or in the accompanying Final Judgment preclude Plaintiffs or other Settlement Class Members from participating in the Claim Process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

14. **Attorneys' Fees and Expenses.** Settlement Class Counsel are hereby awarded attorneys' fees and expenses in the total amount of $2 million which amount is approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and are in accordance with the terms of the Settlement Agreement. The Court finds that the above stated award of attorneys' fees is fair and reasonable in consideration of, among other things, the efforts of Settlement Class Counsel and the settlement they achieved for the Settlement Class. The Court finds that the amount of expenses is reasonable and that the expenses were reasonably incurred in the course of the overall litigation. Settlement Class Counsel, in its discretion, shall allocate and distribute this award of attorneys' fees and expenses among Plaintiffs' Counsel. All objections, if any, to Settlement Class Counsel's request for an award of attorneys' fees and reimbursement of expenses are hereby overruled.

15. **Incentive Awards.** The Court hereby awards $2,500.00 to each of the named Plaintiffs, Steven Brody, Chaim Hirschfeld and Suzanne Grunstein, as an incentive award in their capacity as representative Plaintiffs in this Action.

16. **No Other Payments.** The preceding two paragraphs of this Final Approval Order cover, without limitation, any and all claims against the Released Defendants for attorneys' fees and expenses, costs or disbursements incurred by Settlement Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or incurred by Plaintiffs or the Settlement Class Members, or any of them, in connection with or related in any manner to

the Action, the settlement of the Action, the administration of such settlement, and/or Plaintiffs' Release, except to the extent otherwise specified in this Final Approval Order, and accompanying Final Judgment and/or the Settlement Agreement, including as specified in Section IX.F of the Settlement Agreement. Plaintiffs are not precluded from seeking attorneys' fees, expenses, costs, or disbursements from an objecting Settlement Class Member or his or her counsel (and not Merck or its counsel) in connection with an appeal filed by an objecting Settlement Class Member.

17. **Modification of Settlement Agreement.** The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, and all exhibits attached, as are consistent with this Final Approval Order and the accompanying Final Judgment and do not limit the rights of Settlement Class Members under the Settlement Agreement.

18. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Approval Order and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation:

    a.    enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Approval Order or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is

        not a Settlement Class Member; and whether claims or causes of action allegedly related to this case are or are not barred by this Final Approval Order and the accompanying Final Judgment);

    b.    entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Approval Order and the accompanying Final Judgment, dismissing all claims on the merits and with prejudice, and permanently enjoining Settlement Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

    c.    entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights under paragraphs 8 and 16 or as otherwise provided in the Settlement Agreement.

19.    **No Admissions.**  Neither this Final Approval Order, the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Approval Order or the accompanying Final Judgment) is, may be construed as, or may be used as an admission or concession by or against Merck, Released Defendants, Plaintiffs or Plaintiffs' Counsel of the validity of any claim or defense or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Merck's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency or other tribunal for any purpose whatsoever,

- 15 -

except as evidence of the settlement or to enforce the provisions of this Final Approval Order and the accompanying Final Judgment and the Settlement Agreement; provided, however, that this Final Approval Order, the accompanying Final Judgment and the Settlement Agreement may be filed in any action against or by Merck or Released Defendants to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, as applicable.

20. **Dismissal of Action.** This Action (including all individual and Settlement Class claims presented therein) is hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as otherwise provided in this Order and the accompanying Final Judgment and/or the Settlement Agreement.

3/12/13

_____
PETER G. SHERIDAN
UNITED STATES DISTRICT JUDGE