IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BRODY, CHAIM HIRSCHFELD and SUZANNE GRUNSTEIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCK & CO., INC., f/k/a SCHERING-PLOUGH CORPORATION, MSD CONSUMER CARE, INC., f/k/a SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., MERCK SHARP & DOHME CORP., AS SUCCESSOR IN INTEREST TO SCHERING CORPORATION, SCHERING-PLOUGH HEALTHCARE PRODUCTS SALES CORPORATION, AND SCHERING-PLOUGH HEALTHCARE PRODUCTS ADVERTISING CORPORATION,<br><br>Defendants. | Civil Action No. 12-cv-4774-PGS-DEA |

## [PROPOSED] FINAL JUDGMENT

IT IS on this 12 day of March, 2013, HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1. The settlement of this class action on the terms set forth in the Parties' Settlement Agreement, with the exhibits annexed thereto and the definitions included therein (and adopted herein by reference), signed and filed with this Court on September 21, 2012 (collectively, the "Settlement Agreement"), is finally approved, ordered and adjudged, and the following settlement class is granted final certification for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3): all natural persons who purchased Eligible Coppertone Sunscreen Products in

110374766

- 2 -

the United States of America, including any territories and/or possessions up to the date notice was first disseminated pursuant to the Notice Plan. "Eligible Coppertone Sunscreen Products" means any and all sunscreen products sold in the United States of America and its territories and possessions under the brand name "Coppertone," which were labeled and/or advertised to provide protection against the sun's UVA and/or UVB rays. Excluded from the Settlement Class are: (a) all persons who timely and validly request exclusion from the Settlement Class; (b) natural persons who purchased Eligible Coppertone Sunscreen Products for purposes of resale; (c) Defendants' officers, directors, and employees; (d) Defendants' Counsel; (e) Plaintiffs' Counsel; (f) this Court and the members of this Court's staff and immediate family; (g) the Honorable John Shepard Wiley, Jr. and the members of his staff and immediate family; (h) the Honorable Carl West and the members of his staff and immediate family; and (i) any Judge to which the case is subsequently assigned and the members of his or her staff and immediate family, if applicable.

2. The claims in this Action are dismissed on the merits and with prejudice according to the terms (including Plaintiffs' Release) set forth in the Settlement Agreement and in the Court's Final Approval Order, without costs to any party, except as provided in the Final Approval Order.

3. All Settlement Class Members and/or their representatives who have not been timely excluded from the Settlement Class with respect to the Eligible Coppertone Sunscreen Products are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating (as class members or otherwise) in, or receiving any benefits from any other lawsuit (including putative class action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any

- 3 -

jurisdiction that is covered by the Release. In addition, all Settlement Class Members and all persons in active concert or participation with Settlement Class Members are permanently barred and enjoined from organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing, as a purported class action, any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) that is covered by the Release. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Actions.

4. Merck shall take all steps necessary and appropriate to provide Settlement Class Members with the benefits and relief to which they are entitled under the terms of the Settlement Agreement and pursuant to the Orders of the Court.

5. Merck is hereby permanently barred and enjoined from using the terms "sunblock," "waterproof," "sweatproof," "all day" and/or "all day protection" in the labeling, advertising, marketing or promotion of all Coppertone sunscreen products manufactured on or after June 22, 2012 for sale in the United States, its territories and possessions. Any Coppertone sunscreen products manufactured on or after June 22, 2012 for sale in the United States, its territories and possessions shall contain labels that comply with the requirements set forth in the Final Rule styled "Labeling and Effectiveness Testing; Sunscreen Drug Products for Over-the-Counter Human Use" and codified at 76 FR 35620 ("Final Rule"), except with respect to one (1) ounce Coppertone sunscreen products, as to which Merck represents it is still determining how to comply with the Final Rule given the limited space on these products. Merck is further hereby

ordered to comply with any subsequent enforcement rulings under the Final Rule as they become effective.

6. Settlement Class Counsel shall be awarded a total of $2 million in attorneys' fees and costs, which amount is approved as fair and reasonable, in accordance with the terms of the Settlement Agreement.

7. The Named Plaintiffs, Steven Brody, Chaim Hirschfeld and Suzanne Grunstein, shall each be awarded $2,500.00 as an incentive award in their capacity as representative Plaintiffs in this Action.

8. The Court will retain continuing jurisdiction over this Action for the reasons and purposes set forth in this Court's accompanying Final Approval Order.

3/12/13

PETER G. SHERIDAN
UNITED STATES DISTRICT JUDGE