Samuel J. Myles, Esq.
State Bar No. 018712000
**HOLSTON, MacDONALD, UZDAVINIS,**
**ZIEGLER & LODGE, P.A.**
66 Euclid Street
Woodbury, NJ  08096
856-848-5858 (phone)
856-848-1898 (fax)
smyles@holstonlaw.com

*Attorneys for Christopher Batman*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN BRODY, *et al.*, | Case No. 3:12-cv-04774-PGS-DEA |
| Plaintiffs, | MOTION DATE: JUNE 17, 2013 |
| vs. | |
| MERCK & CO., INC., *et al.*, | |
| Defendants. | |
| CHRISTOPHER BATMAN, | |
| Objector-Appellant. | |

## OPPOSITION OF CHRISTOPHER BATMAN
## TO MOTION FOR APPEAL BOND

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................. 1

**TABLE OF AUTHORITIES** ......................................................... 2

**INTRODUCTION** ........................................................................ 5

**I.**   The Court's Discretion in Awarding an Appeal Bond Is Limited. ................ 6

**II.**   Plaintiffs Wildly Exaggerate Their Expected Costs...................................... 8

**III.**   A Rule 7 Appeal Bond May Not Include Costs of Delay. ........................... 11

**IV.**   A Rule 7 Appeal Bond May Not Include Attorneys' Fees. ........................ 12

**V.**   This Court Cannot Make a Finding That the Appeal Is Frivolous. ............. 14

**VI.**   This Appeal Is Brought in Good Faith. ....................................................... 16

**VII.**   Granting Plaintiffs' Motion Will Be Counterproductive to Their Purported Goal of Preventing Delay. ........................................................................... 16

**VIII.** Plaintiffs Likely Brought This Motion in Bad Faith..................................... 18

**CONCLUSION** .............................................................................. 19

# TABLE OF AUTHORITIES

## CASES

*Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 959-60 (9th Cir. 2007) ... 11, 16, 17

*Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ..................... 8

*Cobell v. Salazar*, 816 F. Supp. 2d 10, 16-20 (D.D.C. 2011) .........................7-8, 21

*Devlin v. Scardelletti*, 536 U.S. 1 (2002)............................................................... 18

*Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997 WL 307777 at *3 (3d Cir. June 10, 1997) ............................................................5, 7, 8, 11, 12, 13

*In re American President Lines, Inc.*, 779 F.2d 714 (D.C. Cir. 1985).. 5, 6, 7, 8, 10, 11, 12, 15

*In re Baby Products Antitrust Litig.*, No. 12-1165, 12-1166, and 12-1167 (3d Cir. 2013) .........................................................................................9, 14, 16

*In re Vasseli*, 5 F.3d 351, 353 (9th Cir. 1993)......................................................... 15

*In re Wal-Mart Wage & Hour Empl. Practices Litig.*, No. 2:06-cv-00225-PMP-PAL, 2010 WL 786513 (D. Nev. Mar. 8, 2010)..................................................... 8

*Independent Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754 (1989).................. 5

*New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) ........................................ 16

*Pan Am Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 43 (D.P.R. 2000) ...................................................................................................................... 9

*Young v. New Process Steel, LP*, 419 F.3d 1201 (11th Cir. 2005) ......................... 14

## RULES

Fed. R. App. P. 24 ..................................................................................................... 16

Fed. R. App. P. 30 ............................................................................... 10

Fed. R. App. P. 39 .................................................. 7, 8, 9, 10, 11, 13

Fed. R. App. P. 7 ........................................................................ 13, 15

Fed. R. App. P. 7 ............................................................................ 6, 7

Fed. R. App. P. 8 ............................................................................ 7, 11

New Jersey Rule of Court 4:42-9(a)(2) .............................................. 13

## INTRODUCTION

Plaintiffs request relief that is barred by Third Circuit local rules and Third Circuit precedent—but, for some reason, fail to identify the language dooming their motion to the attention of this Court, even though they cite the authority. *Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997 WL 307777 at *3 (3d Cir. June 10, 1997) ("[W]e conclude that Rule 7 does not authorize a bond to cover estimated costs of attorneys' fees.") (cited by plaintiffs); *In re American President Lines, Inc.*, 779 F.2d 714 (D.C. Cir. 1985); *Independent Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754 (1989) (fee-shifting of attorneys' fees not available against objecting non-governmental parties bringing colorable appeal); 3d Cir. L.A.R. 39.3(c) (limiting availability of costs award) (cited by plaintiffs). Plaintiffs further wildly exaggerate their costs of this appeal. Plaintiffs make the frivolous contention that a federal court should apply New Jersey state *procedure* to a Texas party. They rely almost entirely on outlier cases from other circuits, ignoring that the Third Circuit has consistently awarded less than $4,000 in costs in appeals involving class action objections, and that the majority of district courts make similar findings.

There is no legal or factual basis for an appeal bond greater than $4,000, but the Court should deny the requested relief entirely as a sanction for a motion brought in bad faith, and consider further sanctions against plaintiffs. *Cobell v.*

*Salazar*, 816 F. Supp. 2d 10, 16-20 (D.D.C. 2011) (denying overreaching appeal bond request entirely and ordering class counsel to show cause why they should not be sanctioned for deceptive appeal bond briefing that falsely alleged entitlement to attorneys' fees and costs of delay in appeal bond). Batman joins all other oppositions to the motion not inconsistent with this one.

## I.    The Court's Discretion in Awarding an Appeal Bond Is Limited.

Notably, though plaintiffs mention the Third Circuit case that provides the standard for granting an appeal bond under Fed. R. App. Proc. 7, they ignore its holdings. Contrary to plaintiffs' claims, appeals possessing merit are a matter of right. *In re American President Lines, Inc.*, 779 F.2d 714, 718 (D.C. Cir. 1985) (*citing Coppedge v. United States*, 369 U.S. 438, 441-442 (1962)). "Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right." *Id.* (*citing North Carolina v. Pearce*, 395 U.S. 711, 724 (1969) ("[a] court is without right to ... put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered" (internal quotation and citation omitted)). *Accord Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated").

A district court does ***not*** have any "inherent or rule-based power" to impose an appeal bond beyond "security for payment of costs on appeal." *American*

*President Lines,* 779 F.2d at 716, 718-19; *accord Hirschensohn.* Moreover, the "costs referred to [in Rule 7] are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39, and do not include attorneys' fees that may be assessed on appeal." *American President Lines,* 779 F.2d at 716; *accord Hirschensohn* (Rule 7 does not grant authority to receive a bond for attorneys' fees) (only Rule 39 costs are included in appeal bond). *Compare* Motion at 12-13 (falsely stating that Rule 7 permits inclusion of Rule 38 sanctions and anything beyond Rule 39 costs). Yet the plaintiffs mislead this Court by asking this Court to ignore Third Circuit precedent and rules for determining what constitutes "costs." Motion at 13 n. 13.

Nor do "taxable costs" include costs of delay. While the plaintiffs claim they are seeking an appeal bond, what they are really seeking is a *supersedeas* bond under Fed. R. App. Proc. 8: a bond for the costs of delay. Motion at 16-18. The difference between a *supersedeas* bond and an appeal bond is important: an appeal bond is a precondition for appeal, while an appellant can choose to forgo paying a *supersedeas* bond. *American President Lines,* 779 F.2d at 717-18. But there is no question that the requirements for Fed. R. App. Proc. 8 are not met, because Batman has not sought a stay of this Court's ruling. Fed. R. App. Proc. 7 does not give a district court authority to write Fed. R. App. Proc. 8 out of the

rules of federal procedure and require a bond for costs of delay as a precondition for appeal. *American President Lines*, 779 F.2d at 718-19.

Plaintiffs fail to acknowledge that 3d Cir. L.A.R. 39.3(c) limits the categories of costs that may be claimed in a bill of costs.

Plaintiffs cite *In re Wal-Mart Wage & Hour Empl. Practices Litig.*, No. 2:06-cv-00225-PMP-PAL, 2010 WL 786513 (D. Nev. Mar. 8, 2010), but fail to tell the Court that the Ninth Circuit stayed and mooted that decision on appeal, citing *Vaughn v. Am. Honda Motor Co., Inc.*, 507 F.3d 295 (5th Cir. 2007); it is not good law.

The reason the plaintiffs fail to identify this binding precedent is obvious: *Hirschensohn* demonstrates that they are simply not entitled to the relief they request. For all of plaintiffs' threats of seeking sanctions for a frivolous appeal, it is the plaintiffs who have made a frivolous legal argument meriting sanctions.[1]

## II.    Plaintiffs Wildly Exaggerate Their Expected Costs.

Plaintiffs claim that they will incur $12,500 in costs in printing briefs, but the very limited 3d Cir. L.A.R. 39.3(c) recovery shows that this is fiction.

*First*, plaintiffs are *appellees* here. An appellant files an opening brief and a reply brief; an appellee files a single response brief for what will certainly be

---

[1] Given that plaintiffs *cited Hirschensohn*, the frivolousness of their request is especially egregious, and merits *sua sponte* sanctions.

consolidated appeals in this case. The recoverable cost of printing 15 copies of a single 80-page brief is approximately $430 at most, less if photocopying is used. 3d Cir. L.A.R. 39.3(c). (Plaintiffs falsely claim they are entitled to $40 for *each* cover: they're entitled to a single charge of $40. *Id.* (permitting $0.10 "*per* page" (emphasis added) but only $40.00 for "covers"). Even when *appellants* recover costs—including the $455 docketing fee—in cases involving class action objections, the Third Circuit awards nowhere near $12,500. For example, Christopher Batman, the objector here, prevailed on appeal in *In re Baby Products Antitrust Litig.*, No. 12-1165, 12-1166, and 12-1167 (3d Cir. 2013). The Third Circuit's mandate awarded less than $2,000 in costs. The baseless claim of $12,500 is a sanctionable lie, and even requesting this much in an appeal bond would be reversible error. *See, e.g., Azizian*, 499 F.3d at 962 (vacating $40,000 of $42,000 initial bond order); *Vaughn*, 507 F.3d at 300 (reducing bond from $150,000 to $1,000); *Enfamil*, 2012 U.S. Dist. LEXIS 49254 ($1,000 bond for costs); *In re Checking Account Overdraft Litig.* MDL No. 2036, 2012 U.S. Dist. LEXIS 18384, at *47 n.6 (S.D. Fla. Feb. 14, 2012) ($5,000 cost bond in an appeal involving 60 member cases). When the sum sought "simply does not correlate with the taxable costs under Rule 39(e) that are likely to accrue on appeal" the bond should be denied. *Pan Am Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193

F.R.D. 26, 43 (D.P.R. 2000) (citing *Lundy v. Union Carbide Corp.*, 598 F. Supp. 451, 452 (D. Or. 1984)).

*Second*, and more importantly, the plaintiffs fail to mention Fed. R. App. P. 30(a)(1) and 30(b)(2): the preparation of and costs of the appendix are the responsibility of the *appellant*, not the appellee, and the plaintiffs will not incur any taxable costs regarding including necessary materials in the appendix. Bonds for cost should be denied where there is "no particular showing of a 'need' for the bond beyond the fact that the appellee anticipates expending funds in relation to the defense of the appeal and would like a bond to be posted to assure those costs will be paid." *Nalder v. United Auto. Ins.*, No. 2:09-cv-1348-ECF-GWF, 2011 U.S. Dist. LEXIS 119112, at *4 (D. Nev. Oct. 14, 2011).

The failure of the plaintiffs to produce any competent evidence about their actual recoverable taxable costs under Fed. R. App. P. 39 in *this appeal* precludes the Court from issuing an appeal bond. *American President Lines*, *supra* (appeal bond can only be based on demonstrable actual taxable costs on appeal); *In re Emfamil Lipil Mktg. and Sales Prac. Litig.*, No. 11-md-02222, 2012 U.S. Dist. LEXIS 49254, at *16-*18 (S.D. Fla. Apr. 9, 2012) (even a $5,000 appeal bond could not be sustained without documentation).

### III.    A Rule 7 Appeal Bond May Not Include Costs of Delay.

The plaintiffs' motion references the alleged cost to the class of the delays of an appeal.   Motion at 16-18. But this allegation demonstrates that what plaintiffs are really seeking is a *supersedeas* bond. They perhaps are misnaming it an appeal bond because they realize that they have zero chance of obtaining a *supersedeas* bond under Fed. R. App. Proc. 8 or Fed. R. Civ. Proc. 62(d). *American Presidential Lines*, 779 F.2d at 717-18; *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295 (5th Cir. 2007). Delay costs are not Rule 39 costs, and are unavailable in a Rule 7 appeal bond. *Hirschensohn, supra.*

Batman has not sought any stay of judgment, so this court is without authority to issue a *supersedeas* bond. *American Presidential Lines*, 779 F.2d at 717-18; *see generally In re American Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 162 (E.D. Pa. 2010) (citing cases where *supersedeas* bond for appellant-objectors denied); *Schulken v. Wash. Mut. Bank*, No. 09-CV-02708-LHK, 2013 U.S. Dist. LEXIS 48175, at *22-*23 (N.D. Cal. Apr. 2, 2013) (no basis to include costs of delay in Rule 7 appeal bond); *see also Fleury v. Richemont North America, Inc.*, 2008 WL 4680033 at *7 (N.D Cal. Oct. 21, 2008) (cost of delay not appropriately part of appeal bond); *In re AOL Time Warner, Inc.*, 2007 U.S. Dist. LEXIS 69510, *12 (S.D.N.Y. Sept. 19, 2007) (same); *In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. LEXIS

27605 at *9 (S.D.N.Y. Mar. 5, 2010) (same). If settlement administration costs money while appeals are pending, it is solely because the plaintiffs have agreed to that limitation in their administration agreement instead of insisting on a flat rate. Requiring objectors to pay for this delay "would be inappropriate because an objector has no obligation to ensure the availability of the judgment; the defendants, and not the objector, are charged with implementing the settlement." *American Investors Life*, 695 F. Supp. 2d at 162. Nor can this court issue an improper *supersedeas* bond in the proposed amount of $200,000 divorced from any actual appeal costs by incorrectly calling it an appeal bond. To do so would be reversible error. *American Presidential Lines*, 779 F.2d at 717-18; *Vaughn*, 507 F.3d 295.[2]

## IV.    A Rule 7 Appeal Bond May Not Include Attorneys' Fees.

Plaintiffs claim that they can include attorneys' fees in an appeal bond or as appellate costs when the appeal is allegedly frivolous. This is absolutely false, as their own cited case, *Hirschensohn*, shows.

---

[2] Moreover, the costs of administration could be substantially lowered if the settlement administrator took the virtually free step of including accurate information about the pending appeals on the settlement website. As of June 3, 2013, the settlement website fails to acknowledge the existence of the appeals or of plaintiffs' claims that there will be no payments for two years. The reluctance of the class counsel to publicize Mr. Batman's arguments about the unfairness of the settlement is what is causing class members to contact the settlement administrator and is not grounds for imposing an appeal bond on Mr. Batman.

Even if the plaintiffs had gotten Third Circuit law right (they have not), their only basis for fee shifting is a ***state-court*** *procedural* rule, New Jersey Rule of Court 4:42-9(a)(2). Motion at 19. As the Supreme Court has repeatedly held, under 28 U.S.C. §2072, federal procedural law trumps state procedural law. *Shady Grove Orthopedic Associates, P.A. v. Allstate*, 130 S.Ct. 1431 (2010) (federal court cannot apply N.Y. Civ. Prac. Law Ann. §901(b) to abrogate plaintiffs' rights to proceed under Rule 23); *cf. also Makaeff v. Trump University*, No. 11-55016 (9th Cir. Apr. 17, 2013) (Kozinski and Paez, JJ., concurring). Furthermore, Batman is a citizen of Texas. It would be unconstitutional to apply New Jersey state procedural law to him. *Phillips Petroleum v. Shutts*, 472 U.S. 797 (1985); *see also Mazza v. American Honda*, 666 F.3d 581 (9th Cir. 2012); *Maniscalco v. Brother International (USA) Corp.* (3d Cir. 2013).

*Hirschensohn* explicitly forbids the collection of attorneys' fees as a taxable cost under Rule 7 or 39 unless the ***substantive*** statute defines attorneys' fees as costs. The Third Circuit is not an outlier in this regard. The majority of appellate courts agree that Fed. R. App. P. 7 does not include attorneys' fees, even when there is a fee-shifting statute. *American Pres. Lines, supra*; *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295 (5th Cir. 2007); *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 959-60 (9th Cir. 2007) ("a district court can order only a losing defendant-the party that has violated antitrust laws-to pay attorney's fees

under Section 4 [of the Clayton Act, 15 U.S.C. § 15].... Ordering one class
member to pay other class members' appellate attorney's fees because of a
disagreement about the propriety of settlement would not serve the purpose of
Section 4 to penalize and deter those who have violated the antitrust laws.");
*Young v. New Process Steel, LP*, 419 F.3d 1201 (11th Cir. 2005) (*en banc*) (appeal
must be frivolous to require attorneys' fees bond, even though case is Title VII
fee-shifting case).

## V.    This Court Cannot Make a Finding That the Appeal Is Frivolous.

The fact that plaintiffs are claiming that they will incur $200,000 in
attorneys' fees to respond to Batman's appeal should demonstrate that his appeal
is not frivolous. While plaintiffs express their intent to exercise their rights under
Fed. R. App. P. 38, they never demonstrate that Batman's arguments meet the high
standard of "frivolousness." This Court's decision directly contradicts the Third
Circuit's ruling in Batman's previous successful appeal in *In re Baby Products
Antitrust Litig.*, 708 F.3d 163(3d Cir. 2013), which is exactly on point: a
settlement that pays more to attorneys and *cy pres* than to the class without the
district court considering this unfairness. Ironically, even as they allege that
Batman's appeal is frivolous, Plaintiffs frivolously fail to cite this binding
precedent in their briefing.

Even if plaintiffs could somehow make the claim that the appeal is frivolous, however, the law does not permit them to use the appeal bond process to address any alleged frivolousness:

> "[an appeal] bond fails as a legitimate means of protecting ... against the possibility that [an] appeal might turn out to be frivolous. The traditional countermeasure for an appeal thought to be frivolous is a motion in the appellate court to dismiss, which is available at the outset of the appeal and before expenses thereon begin to mount. Additionally, a monetary remedy is afforded by Federal Appellate Rule 38, which authorizes an assessment of damages and single or double costs, including reasonable attorneys' fees, '[i]f [the] court of appeals shall determine that [the] appeal is frivolous.' It is, however, for the court of appeals, not the district court, to decide whether Rule 38 costs and damages should be allowed in any given case."

*American President Lines*, 779 F.2d at 717 (internal footnotes and citations omitted). *Accord Vaughn*, 507 F.3d at 300; *In re Vasseli*, 5 F.3d 351, 353 (9th Cir. 1993); *Azizian*, 499 F.3d at 961 ("the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38."). The plaintiffs have made no attempt to dismiss Batman's appeal in the Third Circuit; nor can they, because the appeal is not frivolous, and almost certainly meritorious. This Court has no authority to determine otherwise and short-circuit the appellate process through the use of Fed. R. App. P. 7.

## VI.    This Appeal Is Brought in Good Faith.

Batman has previously successfully brought a successful appeal in the Third Circuit on exactly the grounds he appeals on here. *Baby Products, supra.* He wishes to succeed again here; unless the Third Circuit reverses its earlier precedent, he will do so.

## VII.    Granting Plaintiffs' Motion Will Be Counterproductive to Their Purported Goal of Preventing Delay.

Granting plaintiffs' motion in full will not only be reversible error, but both ineffective and counterproductive. Mr. Batman does not have the financial means to post a $260,000 appeal bond. As such, if this Court imposes such a bond, he will simply file an application to proceed *in forma pauperis*, which either this Court or the Third Circuit will be obliged to grant, because the plaintiffs, by claiming their attorney expenses of defending the appeal will be in the hundreds of thousands of dollars, will be judicially estopped from claiming that Batman's appeal is frivolous. Fed. R. App. P. 24(a) (permitting party to proceed on appeal brought in good faith without giving security for fees and costs when unable to pay); *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (judicial estoppel).

Granting an excessive appeal bond for an objector on the supposition that the appeal is frivolous will create exactly the sort of multiple levels of review of an appeal that the Supreme Court rejected in *Devlin v. Scardelletti*, 536 U.S. 1

(2002). *Devlin* established the right of class action objectors to appeal without first seeking intervention. In doing so, the Supreme Court expressly rejected a formality which had been adopted by several circuits "to require class members to intervene for purposes of appeal." *Devlin*, 536 U.S. at 11. The court found no purpose to the formal barrier to appeal given "the ease with which nonnamed class members who have objected at the fairness hearing could intervene for purposes of appeal." *Id.* at 12.

The Supreme Court found the formal intervention rule impractical due to the numerous issues "which should be easily addressable by a court of appeals." *Id.* at 13. In the Court's view, requiring intervention would simply add a needless layer of complexity. The requirement to intervene required district courts to consider issues normally considered by the appellate court such as "standing to appeal, waiver of objections below, and consolidation of appeals." *Id.* at 14. Should parties be dissatisfied with the district court's decision on intervention, "such determinations still would most likely lead to an appeal." *Id.* Appellate courts would then consider precisely the same issues analyzed by the district court. Therefore, the formal intervention rule "would only add an additional layer of complexity before the appeal of the settlement approval may finally be heard." *Id.*

Similarly, punitive appellate bonds imposed to block supposedly vexatious appeals require district courts to consider issues (such as the frivolousness of an

appeal) best suited to appellate courts. Should appellant-objectors be dissatisfied with their appeal bond, they can simply appeal the bond determination itself, adding another layer of complexity, which the *Devlin* court repudiated.

If plaintiffs were truly concerned about the risk of delay to the class from a frivolous appeal, they would have moved to dismiss the appeal in the Third Circuit instead of engaging in this collateral litigation with a motion for an appeal bond that would be reversible error for this Court to grant.[3]

## VIII.  Plaintiffs Likely Brought This Motion in Bad Faith.

Thus, it does not appear that the bond request was made in good faith.  The plaintiffs have requested several elements of costs that appellate courts have expressly forbidden to be included in a bond request and fail to acknowledge the difference between the costs of an appellant and of an appellee.

Any appeal bond will create the delay that the plaintiffs claim to be trying to prevent by forcing Batman to litigate the collateral issues of *in forma pauperis* and

---

[3] If, notwithstanding the binding precedent prohibiting this Court from doing so, this Court grants the motion for an appeal bond. Batman requests, to minimize delay, that the resulting disruption to the appeal be minimized by an immediate decision on whether this Court will stay the appeal bond order until it is reviewed by the Third Circuit. Batman would seek Third Circuit review of any order setting an excessive appeal bond, and if this Court grants (or even denies) a stay immediately, it would save the class the time wasted from having the parties litigate this necessary intermediate step in the district court. A stay is appropriate given the almost certain result that the Third Circuit will declare a grant of this motion reversible error.

the legality of the appeal bond before he can litigate the merits. The plaintiffs are not bringing this motion because they believe Batman's appeal is frivolous; they are bringing this motion on the 1-in-a-1000 chance that a punitive appeal bond will prevent the Third Circuit from hearing a meritorious appeal.

The Court should give appropriate consideration to sanctioning the plaintiffs. *Cobell, supra.*

## CONCLUSION

The motion should be denied, and the Court should give appropriate consideration to sanctioning the plaintiffs for failing to cite to binding authority and for misquoting multiple citations. In no event should an appeal bond be issued in excess of $4,000.

Dated:  June 3, 2013                           Respectfully submitted,

                                               */s/ Samuel J. Myles*

                                               _____
                                               Samuel J. Myles, Esq.
                                               State Bar No. 018712000
                                               **HOLSTON, MacDONALD,UZDAVINIS,**
                                               **ZIEGLER & LODGE, P.A.**
                                               66 Euclid Street
                                               Woodbury, NJ  08096
                                               856-848-5858 (phone)
                                               856-848-1898 (fax)
                                               smyles@holstonlaw.com

                                               *Attorneys for Christopher Batman*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of June 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case. I further certify that I caused the foregoing document to be sent via first class mail to the following participants, at the addresses listed below:

Mitchell Twersky
Abraham, Fruchter & Twersky, LLP
One Penn Plaza, Ste. 2805
New York, NY 10119

John P. Hooper
David E. Stanley
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

Gary S. Graifman
Kantrowitz, Goldhamer & Graifman, P.C.
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977

Forrest Scott Turkish
595 Broadway
Bayonne, NJ 07002

Robert E. Margulies
Margulies Wind, P.C.
Harborside Plaza 10
3 Second Street, Suite 1201
Jersey City, NJ 07311-3988