Gary S. Graifman, Esq.
**KANTROWITZ, GOLDHAMER**
**& GRAIFMAN, P.C.**
210 Summit Avenue
Montvale, NJ 07645
Tel: (201) 391-7000
Fax: (201) 307-1086
*ggraifman@kgglaw.com*

*Counsel for Plaintiffs*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BRODY et al., on behalf of themselves and all others similarly situated, | Case No. 3:12-cv-04774-PGS-DEA |
| | *DOCUMENT ELECTRONICALLY FILED* |
| Plaintiffs, | |
| vs. | |
| MERCK & CO., INC., f/k/a SCHERING-PLOUGH CORPORATION, et al., | MOTION DATE: June 17, 2013 |
| Defendants. | |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO REQUIRE THE POSTING OF APPEAL BONDS BY <u>OBJECTOR-APPELLANTS</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION ................................................................................1

I.     The Court Should Strike the Untimely Responses Filed by Batman and Dorego ............................................................................2

II.    Plaintiffs' Estimate of Printing Costs is Accurate ................................2

III.   Administrative Costs Should Also Be Included in the Bond Amounts .................................................................................6

IV.    Attorney's Fees Should Be Included in the Bond Amounts ................7

V.     Objectors' Abysmal Record of Launching Meritless Objections Is Highly Relevant to the Court's Appeal Bond Determination ............14

CONCLUSION .................................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                     **Page(s)**

*Adsani v. Miller*,
    139 F.3d 67 (2d Cir.1998) ............................................................7, 9, 13, 14

*Allapattah Servs. v. Exxon Corp.*,
    No. 91-0986-CIV, 2006 U.S. Dist. LEXIS 88829
    (S.D. Fla. Apr. 7, 2006) ...................................................................6

*Azizian v. Federated Dep't Stores, Inc.*,
    499 F.3d 950 (9th Cir. 2007) .................................................8, 11

*Barnes v. FleetBoston Fin. Corp.*,
    No. 1:01-cv-1039, 2006 U.S. Dist. LEXIS 71072
    (D. Mass. Aug. 22, 2006) ...............................................................6

*Chin v. Chrysler LLC*,
    538 F.3d 272 (3d Cir. 2008) ...................................................12, 14

*Cohen v. Beneficial Loan Corp.*,
    337 U.S. 541 (1949)..........................................................................13

*Conroy v. 3M Corp.*,
    No. 00-cv-2810, 2006 U.S. Dist. LEXIS 96169
    (N.D. Cal. Aug. 10, 2006) ...............................................................6

*Devlin v. Scardeletti*,
    536 U.S. 1 (2002)..............................................................................13

*Hirschensohn v. Lawyers Title Ins. Corp.*,
    No. 96-7312, 1997 U.S. App. LEXIS 13793 (3d Cir. 1997)............... *passim*

*In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*,
    695 F. Supp. 2d 157 (E.D. Pa. 2010)............................................................5

*In re Baby Products Antitrust Litig.*,
    708 F.3d 163 (3d Cir. 2013) ...................................................1, 14

*In re Cardizem CD Antitrust Litig.*,
    391 F.3d 812 (6th Cir. 2004) ....................................................................8, 9

*In re Checking Account Overdraft Litig.*,
    No. 1:09-MD-02036-JLK, 2012 U.S. Dist. LEXIS 18384
    (S.D. Fla. Feb. 14, 2012). .................................................................6

*In re Diet Drugs*,
    2000 U.S. Dist. LEXIS 16085, 2000 WL 1665134
    (E.D. Pa. Nov. 6, 2000) .................................................................5

*In re Nutella Mktg. & Sales Practices*,
    No. 11-1086 (FLW), 2012 U.S. Dist. LEXIS 172006
    (D. N.J. Nov. 20, 2012) ..........................................................6, 7, 13

*In re Wal-Mart Wage & Hour Employment Practices Litig.*,
    No. 2:06-CV-00225-PMP-PAL, 2010 U.S. Dist. LEXIS 21466
    (D. Nev. Mar. 8, 2010) .................................................................15

*Kingsborough v. Sprint Communs. Co. L.P.*,
    673 F. Supp. 2d 24 (D. Mass. 2009).................................................. 14-15

*Marek v. Chesny*,
    473 U.S. 1 (1985).........................................................................8, 9

*O'Keefe v. Mercedes-Benz USA, LLC*,
    No. 01-CV-2902, 2003 U.S. Dist. LEXIS 9838
    (E.D. Pa. 2003) ...................................................................5, 7, 9, 10

*Pedraza  v. United Guar. Corp.*,
    313 F.3d 1323 (11th Cir. 2002)........................................................8, 9

## Statutes and Rules

3d Cir. L.A.R. 27.4 .........................................................................5

3d Cir. L.A.R. 30.3(a) .....................................................................4

3d Cir. L.A.R. 39.3(c)(1) ..................................................................3

3d Cir. L.A.R. 39.3(c)(2) ..................................................................4

Fed. R. App. P. 7 ...........................................................................9

Fed. R. App. P. 28(i) .....................................................................5

Fed. R. App. P. 30(b)(2) .................................................................4

Fed. R. App. P. 38 ........................................................................13

Fed. R. App. P. 39 .........................................................................5

New Jersey Rule of Court 4:42-9...............................................10, 11

Plaintiffs respectfully submit their reply brief in further support of Plaintiffs' Motion to Require Posting of Appeal Bonds by Objector-Appellants.

## INTRODUCTION

Objectors' submissions are without merit and should be denied. Indeed, two of the Objectors flagrantly disregard the rules of Court and professional standards of behavior.  Batman provides false information to the Court that, among other things, he "prevailed on appeal in *In re Baby Products Antitrust Litig.*, No. 12-1165, 12-1166, 12-1167, 708 F.3d 163 (3d Cir. 2013)," a claim made even more egregious because *Baby Products* is a decision upon which Objectors rely upon extensively in their Objections.  When undersigned counsel contacted Batman's counsel regarding these outrageous misrepresentations,  his counsel claimed they were "inadvertent"  -- a claim that strains credulity since Batman ***specifically*** asserts this claim in ***three separate places*** in his brief.  Batman Br. 9, 14, 16 (Docket No. 77).[1]  On Monday, June 10[th,] -- the day that the instant reply brief is due--Batman filed a "corrected" brief which, incredibly, did not remove all the false information[2], did not explain why he was filing a corrected brief, and did not obtain leave of Court prior to the filing.

---

[1] *See* E-mail of Samuel Myles, Esq. attached as Exhibit A to the Declaration of Ximena Skovron, filed concurrently herewith.

[2] Corrected Opposition of Christopher Batman to Motion for Appeal Bond at 14 (asserting that "This Court's decision directly contradicts the Third Circuit's ruling ***in Batman's previous successful appeal in In re Baby Products Antitrust Litig., 708 F.3d 163 (3d Cir. 2013). . . ."*** (emphasis added).

Dorego also failed to timely oppose the instant Motion and instead, without obtaining leave of Court, filed an untimely brief seeking to "join" the other Objectors' briefs four days after the deadline for oppositions had expired. These untimely filings are the subject of a pending motion to strike.

Moreover, none of Objectors' arguments regarding the appeal bond amounts are persuasive, as Plaintiffs have provided accurate cost estimates supported by the Twersky Declaration and Keough Affidavit and have further demonstrated that both administrative costs resulting from delays in paying out the Settlement Fund and attorneys' fees may also be included in the bond amounts.

## I.    The Court Should Strike the Untimely Responses Filed by Batman and Dorego

The untimely oppositions filed by Batman and Dorego are the subject of a pending motion to strike. For the reasons set forth therein, they should be stricken.

## II.    Plaintiffs' Estimate of Printing Costs is Accurate

As discussed in Plaintiffs' opening brief, one category of appeal costs that may be included in a bond ordered pursuant to FRAP 7 "are those that may be taxed against an unsuccessful litigant under Federal Rule of Appellate Procedure 39." *Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997 U.S. App. LEXIS 13793, at *3 (3d Cir. 1997). Such costs include "printing and producing copies of briefs, appendices, records, court reporter transcripts, premiums or costs for supersedes bonds, or other bonds to secure rights pending appeal, and fees for

2

filing the notice of appeal." *Id.* Plaintiffs' estimate of $12,500 is amply supported and is based on the prior printing costs charged by their appellate printer in connection with an earlier appeal in this litigation for the briefs and for the substantial multi-volume appendix. Plaintiffs' estimate is also based on the schedule of rates set forth in 3d Cir. L.A.R. 39.3(c)(1) and (2), which provides the specific rates set for copying, binding, and cover pages--rates which Objector-Appellants apparently dispute. Pls. Br. 15 n.3. The appendix that would have to be filed in this case represents the bulk of the anticipated costs taxable under FRAP 39. Plaintiffs submitted the Twersky Declaration to provide the Court with further detail regarding the estimate. Twersky Decl. ¶¶3-6.

Nonetheless, Objector-Appellants contend that the bond should be set far lower than Plaintiffs propose because (1) Plaintiffs, as appellees, are not required to pay for the appendix, (2) Objector-Appellants' *cy pres* arguments do not require reference to the record, and thus, the appendix need not include documents from the earlier stages of litigation in the California Superior Court; and (3) the appeals are likely to be consolidated and only one opposition brief need be filed, thus the $2,420 in brief printing costs is "excessive." Each of these arguments lacks merit.

As to the first point, Objectors' argument assumes that joint appendix materials will be agreed upon, and that Appellees will not be forced to file and pay for their own appendix in the event of a disagreement as required by FRAP Rule

30.  FRAP 30(b)(2) ("If the appellant considers parts of the record designated by the appellee to be unnecessary, the appellant may advise the appellee, who must then advance the cost of including those parts.").  However, a disagreement as to the contents of the appendix is likely given that Objectors are already disputing the inclusion of materials that Plaintiffs will want to include.  Such additional appendix materials are "taxable costs" (FRAP 30(b)(2)) and they therefore should be included in the bond amount.

Beck also claims that documents from the California portion of the litigation will be unnecessary to dispute her argument that the *cy pres* distribution is improper.  All Objectors, however, also contend that the Settlement is unfair because the amount of attorneys' fees awarded to Settlement Class Counsel is excessive.  *See* Beck Br. 12; Batman Obj. 3-4; Dorego Obj. 5-7.  To counter this argument, Plaintiffs will have to establish, through the use of record evidence, their counsel's efforts throughout the years of litigation, including their efforts with respect to the California State settlement, which will in turn necessitate the inclusion in the appendix of relevant documents submitted in those actions.  *See* L.A.R. 30.3(a) (appendix must include "parts of the record referred to in the briefs").

Third, even if consolidation occurs, each Objector-Appellant is entitled to file a separate brief and may contain different arguments, each of which must be

addressed by Plaintiffs.  *See* FRAP 28(i) (in consolidated cases, appellants may, but are not required to, join in each others' briefs).  Also, Plaintiffs potentially will incur the additional costs of printing briefs in connection with potential motion practice for summary action under 3d Cir. L.A.R. 27.4 and any petitions for rehearing filed by Objectors, a point which they ignore.

Beck estimates, without any basis in fact, that Plaintiffs' printing costs will be "$1000 or less" (Beck Br. 7).  In contrast, the Twersky Declaration attests to the facts underlying Plaintiffs' cost estimate and should be relied upon.

While Batman cites to cases in other jurisdictions imposing lower bonds, he overlooks the many cases in this Circuit finding that FRAP 7 bonds based solely on Rule 39 taxable costs are typically granted in amounts ranging from **$13,000 to $25,000**.  *See, e.g., O'Keefe v. Mercedes-Benz USA, LLC,* 2003 U.S. Dist. LEXIS 9838, at *17-18  (E.D. Pa. 2003) (imposing a FRAP 7 bond of $13,467 to cover "copying, printing and reproduction fees"); *In re Am. Inves. Life Ins. Co.*, 695 F. Supp. 2d 157, 166-67 (E.D. Pa. 2010) (ordering a FRAP 7 bond of $25,000 based on Rule 39 costs); *In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS, at *50-51  (D.N.J. June 29, 2007) (ordering a FRAP 7 bond of $25,000 based on taxable costs); *In re Diet Drugs Prods. Liab. Litig.*, 2000 U.S. Dist. LEXIS 16085 (E.D. Pa. Nov. 6, 2000) (same).[3]  In short, Plaintiffs' estimated printing costs of

---

[3]  Indeed, the requested amount of $86,833 for each Objector is also well within

$12,500 are **well** within the range of reasonable printing costs included in FRAP 7

bonds that have been imposed by courts in this Circuit.

### III.   Administrative Costs Should Also Be Included in the Bond Amounts

As set forth in the Keough Affidavit, projected administrative costs of

$48,000 will be incurred as a result of the delay created by the appeals.  Keough

Aff. ¶4.  These monies will be paid out of the Settlement Fund pursuant to the

terms of the Settlement Agreement.  *See* Docket No. 17 (Ex. 2  at III.B.1).  In *In re*

*Nutella Mktg. & Sales Practices*, 2012 U.S. Dist. LEXIS 172006, at *3 (D. N.J.

Nov. 20, 2012), the court found the argument that costs associated with the

continued administration of a settlement fund pending appeal cannot be secured by

a Rule 7 bond to be "without support" (*id.* at *6), noting that "at least one court in

this district previously has included administrative costs when imposing a Rule 7

bond in a class action," and that "courts in other circuits have reached similar

---

the range of FRAP 7 bond amounts imposed by courts on objectors.  *Allapattah Servs. v. Exxon Corp.*, 2006 U.S. Dist. LEXIS 88829, at *60 (S.D. Fla. Apr. 7, 2006), *aff'd*, 333 F.3d 1248 ("Pursuant to Rule 7, the Court will require [objector] to post an appeal bond in an amount sufficient to cover the damages, costs and interest that the entire class will lose as a result of the appeal. The amount of the bond will be $ 13,500,000.00."); *Checking Account Overdraft Litig.*, 2012 U.S. Dist. LEXIS 18384, at *47 n.6 (imposing an appeal bond on Objector Dorego of $616,338.00 for two years' "compounded interest" on the settlement amount); *Barnes v. FleetBoston Fin. Corp.*, No. 1:01-cv-1039, 2006 U.S. Dist. LEXIS 71072, slip op. at 2 (D. Mass. Aug. 22, 2006) ($645,111 appeal bond); *Conroy v. 3M Corp.*, 2006 U.S. Dist. LEXIS 96169, Order Granting Plaintiffs Motion For Appellate Bond (N.D. Cal. Aug. 10, 2006) (ordering class action objectors to post an appeal bond of $431,167).

conclusions." *Id.* Judge Wolfson concluded that "administrative costs can be secured by a Rule 7 bond" and imposed a $22,500 bond based primarily on the anticipated administrative costs in that case. *Id.* at *6-8. Objectors do not address *Nutella* or *Insurance Brokerage*.

Although Batman suggests that *Hirschensohn* precludes the inclusion of administrative costs in a FRAP 7 bond, that is incorrect as *Hirschensohn* only concerned attorneys' fees, and never addressed the question of administrative costs. *See generally Hirschensohn, supra.* Objectors do not otherwise cite to any case in this district supporting their argument. Their argument should be rejected.

## IV.   Attorney's Fees Should Be Included in the Bond Amounts

Courts in this Circuit, as well as in the Second, Sixth, Ninth and Eleventh Circuits, have concluded that attorneys' fees may be included in a FRAP 7 bond if an underlying statute, relevant authority, or fee-shifting provision defines costs to include attorneys' fees. *See Hirschensohn*, 1997 U.S. App. LEXIS 13793, at *7; *O'Keefe*, 2003 U.S. Dist. LEXIS 9838, at *10-11 (noting that *Hirschensohn* "looked to whether the statute underlying the plaintiff's cause of action defined costs to include attorney's fees" as a grounds for determining whether to include attorneys' fees in the FRAP 7 bond amount); *Adsani*, 139 F.3d at 79 (holding that "where, as here, a federal statute includes attorney's fees as part of the costs which may be taxed upon appeal, the district court may factor these fees into its

7

imposition of the bond for costs."); *In re Cardizem CD Antitrust Litig.*, 391 F.3d

812, 815 (6th Cir. 2004); *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950,

961 (9th Cir. 2007) ("We conclude that a district court may require an appellant to

secure appellate attorney's fees in a Rule 7 bond, but only if an applicable fee-

shifting statute includes them in its definition of recoverable costs, and only if the

appellee is eligible to recover such fees.").  As the Eleventh Circuit reasoned:

> This reading of Rule 7 also furthers the second purpose underlying fee
> shifting statutes, i.e., to protect [litigants] from the burdens that stem
> from being forced to defend frivolous lawsuits and to deter [them]
> from bringing such suits. Simply stated, an appellant is less likely to
> bring a frivolous appeal if he is required to post a sizable bond for
> anticipated attorneys' fees prior to filing the appeal.

*Pedraza  v. United Guar. Corp.,* 313 F.3d 1323, 1333 (11th Cir. 2002).

The purpose identified by *Pedraza*—protecting the rights of appellees from

the burdens of being forced to defend frivolous lawsuits—applies with equal, if not

greater, force where as here, the appeals are meritless and are clearly driven solely

by the pecuniary interests of the Objectors' attorneys.

The test applied by these courts, known as the "underlying statute" test, has

its roots in the Supreme Court's decision in *Marek v. Chesny*, which held that the

term "costs" for purposes of Fed. R. Civ. P. 68 "was intended to refer to all costs

properly awardable under the relevant substantive statute or other authority . . . .

where the underlying statute defines "costs" to include attorney's fees, [ . . .] such

fees are to be included as costs for purposes of Rule 68."  473 U.S. 1, 9 (1985).

Thus, the Second, Sixth, Ninth and Eleventh Circuits have extended *Marek* to authorize attorneys' fees  to be included in a FRAP 7 bond if the underlying statute, relevant authority, or applicable fee-shifting provision indicates that attorneys' fees are part of costs.  *Adsani*, 139 F.3d at 73 (*Marek* provides "very persuasive authority" that attorneys' fees  may be included in the appeal bond authorized by Rule 7); *Cardizem*, 391 F.3d at 817 ("Applying the Supreme Court's decision in *Marek* to the meaning of "costs" under Fed. R. App. P. 7 in [this] case, we are required to determine what sums are 'properly awardable under the relevant substantive statute or other authority.'") (quoting *Marek*); *Pedraza*, 313 F.3d at 1332 (FRAP 7 "does not differ from Federal Rule of Civil Procedure 68 in any way that would lead us to adopt a different interpretive approach in this case than was embraced by the Supreme Court in *Marek*.").

Contrary to Objectors' contention, the Third Circuit in *Hirschensohn* did ***not*** rule out the inclusion of attorneys' fees in a FRAP 7 appeal bond.  *O'Keefe*, 2003 U.S. Dist. LEXIS 9838, at *10-11.  As correctly stated by the *O'Keefe*  court, "[i]n *Hirschensohn* the Third Circuit used two different tests to determine whether attorney's fees may be considered costs on appeal and subject to an appeal bond." *Id.* at *5.  Finding that the first test, which examined whether attorneys' fees were taxable costs under Rule 39, did not permit the inclusion of attorneys' fees, "the Third Circuit did not end its discussion with a complete bar to including attorney's

fees in an appeal bond." *Id.* at *6. Instead, the *Hirschensohn* court then applied the separate underlying statute test. *Hirschensohn*, 1997 U.S. App. LEXIS 13793, at *7. Although *Hirschensohn* concluded that **on the facts of the case before it,** attorneys' fees were not to be included in the appeal bond, the *O'Keefe* court noted that the two tests applied by *Hirschensohn* "may provide conflicting answers, and the Third Circuit has not resolved the issue [of which test applies]." *O'Keefe, supra,* at *5; *Hirschensohn*, s*upra*, at *7 ("Rule 7 does not grant authority to receive a bond for attorneys' fees **in this case**.") (emphasis added).

Applying the underlying statute test here, Plaintiffs would be entitled to the recovery of attorneys' fees as part of costs pursuant to New Jersey's fee-shifting provision for class actions in which a fund is created for the benefit of others, set forth in N.J. Rule of Court 4:42-9. Rule 4:42-9 defines attorneys' fees to be part of, or "in the" taxed costs. N.J. R. Ct. 4:42-9(a) ("No fee for legal services shall be allowed *in the taxed costs . . . except . . .* Out of a fund in court.") (emphases added). Although the attorneys' fees are part of "costs" as defined in N.J. R. Ct. 4:42-9(a), and would be payable out of the Settlement Fund, if such fees were awarded, Plaintiffs would seek a Court order seeking to establish that the Objectors are responsible for payment and seek recovery from Objectors rather than the Fund. Thus, attorneys' fees should be included in the FRAP 7 bond amount here.

*Azizian*, relied on by Objectors, is inapposite because there, the Ninth Circuit "h[e]ld that security for appellate attorney's fees may  be included in a Rule 7 bond," but declined to include attorneys' fees as part of an appeals bond based on an analysis of the federal statute at issue. *Azizian*, 499 F.3d at 961.  The *Azizian* court, however, was not purporting to interpret New Jersey law. *See id.*

Objector-Appellants do not dispute that N.J. Ct. Rule 4:42-9 defines taxed costs as including attorneys' fees, but instead, argue that: (1) any attorneys' fees awarded would be sought from Objectors rather than "out of the fund" and therefore, Rule 4:42-9 does not permit the inclusion of attorneys' fees in the bond amount; and (2) Plaintiffs' causes of action are triable by jury, and thus are not within the fund in court exception.  These contentions are incorrect and misconstrue the underlying statute test.

*First*, Rule 4:42-9 applies notwithstanding the fact that it permits recovery from a fund in court rather than from Objectors. Rule 4:42-9 defines costs to include attorneys' fees which normally, would be payable from the fund in court, *i.e.*, the Settlement Fund. However, here, under the circumstances of this case, if fees were awarded, Plaintiffs would seek them from Objectors.  Similarly, Batman's contention that the application of Rule 4:42-9 to him is "unconstitutional" because he is a Texas citizen (Batman Br. 13)  is easily rejected, since New Jersey state law applies to a determination of attorneys' fees in federal

11

diversity cases (such as this action) or where as here, state law claims have been brought in federal court. *Chin v. Chrysler LLC*, 538 F.3d 272, 278-79 (3d Cir. 2008) ("[W]hen a state law claim is brought in federal court, that state's law should also be applied in determining whether to award attorneys' fees."); *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 775 n.47 (3d Cir. 1990) ("[s]tate rules concerning the award or denial of attorneys' fees are to be applied in cases where federal jurisdiction is based on diversity.").

*Second*, contrary to Beck's contention on page 4 of her brief, neither the question of the fairness of the Settlement nor Settlement Class Counsel's entitlement to attorneys' fees pursuant to Rule 4:42-9 are issues that are triable by jury.

Objectors also argue that attorneys' fees should not be included in the FRAP 7 bond amount because, they assert, their objections are not "frivolous." However, although Plaintiffs maintain that the appeals are meritless and could potentially be found to be frivolous, a finding of frivolousness is not a prerequisite to including attorneys' fees in the cost bond amount.  Nonetheless, the potential finding of frivolousness would also support including attorneys' fees in the bond amount here, since FRAP 7 bonds may also be ordered to secure amounts necessary to pay an award for sanctions imposed against the objector for the filing of a frivolous

appeal.  *See* FRAP 38 (permitting an award of "just damages, and single or double costs to the appellee" for frivolous appeals).

Also, Batman claims he cannot afford to post a $260,000 bond.  Batman Br. 16.  In typical fashion, he not only misstates the bond amount being requested as to him (*i.e.*, $86,833, *see* Pls. Br. 6, 21), but fails to provide any actual evidence of his financial condition.  The Court need not accept his unsubstantiated claim.  *Adsani*, *supra*, at 78-79 (requiring a litigant to post a bond did not violate due process when party had "failed to adduce credible evidence of an inability to pay").

Finally, Batman relies on *Devlin v. Scardeletti*, 536 U.S. 1 (2002), to argue that the requested appeal bond is "punitive." Batman Br. 17.  However, *Devlin* only held that objectors have the right to appeal and made no findings or conclusions whatsoever regarding FRAP 7 bonds.  *See id.* Instead, it is well-settled that the right to appeal "may be limited by [ . . .] the posting of security for expenses, including counsel fees, which may be incurred on appeal without offending principles of Equal Protection or Due Process fairness."  *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 551-52 (1949).

## V.   Objectors' Abysmal Record of Launching Meritless Objections Is Highly Relevant to the Court's Appeal Bond Determination

Because "a district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the ***likely*** outcome of the appeal," this Court is entitled to, and should, consider Objector-

13

Appellants' abysmal track records in making its appeal bond determination.

*Nutella*, 2012 U.S. Dist. LEXIS 172006, at *3 (quoting *Adsani*, 139 F.3d at 79)

(emphasis added).  Both Batman and Beck misrepresent or overstate their roles as

objectors in other cases.  As discussed previously, Batman repeatedly

misrepresented to this Court his status as an objector in the successful appeal of

*Baby Products* when he was not involved in that case at all.  *See* Skovron Decl.

and Ex. A; *see generally* Motion to Strike.

In similar fashion, Beck's counsel also overstates his role in prior objections.

For example, he asserts that he has succeeded in obtaining a reversal in *In re Pet*

*Foods Products Liability Litigation*, 629 F.3d 333 (3d Cir. 2010) by making  "the

very same arguments about the appeal" in that action as he has made to this Court,

and that the settlement was reversed on that ground.  Beck Br. 9.  That is incorrect,

as the *Pet Foods* settlement was vacated based on the allocation of claims among

various categories of class members, not on the basis of cy pres payments or

attorneys' fee awards.  Id. at 353.  Beck's counsel was among several counsel

representing several appellants in that action.

Beck also overstates her counsel's role in *Kingsborough v. Sprint Communs.*

*Co. L.P.*, 673 F. Supp. 2d 24, 28 (D. Mass. 2009), claiming that their objection was

the "sole objection to the court's jurisdiction" (Beck Br. 11) and that they "saved

thousands of landowners across the country" (*id.* at 12) from unfair easements.  In

fact, over forty objections were received in *Kingsborough*, many of which asserted jurisdictional violations.  *Kingsborough*, No. 07-10651 (D. Mass.), Docket No. 83 (Letters from Objectors) and 673 F. Supp. 2d 24 ("[T]he issue of whether the Court can exercise jurisdiction . . . is raised by *several* of the Objectors . . .") (emphasis added).  Beck's attorneys' objection is not mentioned.

Objectors' arguments in this action also grossly mischaracterize applicable law.  For example, Batman claims that a case cited by Plaintiffs, *In re Wal-Mart Wage & Hour Empl. Practices Litig.*, No. 2:06-cv-0225-PMP-PAL, 2010 U.S. Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010) was "stayed and mooted" by the Ninth Circuit on appeal.  Batman Br. 8.  That is false.  Batman does not cite to any Ninth Circuit decision, because no such decision exists.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court impose an appeal bond of $260,500 collectively on Objector-Appellants, as follows: $86,833 on Objector-Appellant Cindy Beck, $86,833 on Objector-Appellant Fatima Dorego, and $86,833 on Objector-Appellant Christopher Batman.

DATED:  June 10, 2013

> **KANTROWITZ, GOLDHAMER**
> **& GRAIFMAN, P.C.**
>
> /s/ *Gary S. Graifman*
> Gary S. Graifman, Esq.

15

210 Summit Avenue
Montvale, NJ 07645
Tel: (201) 391-7000
Fax: (201) 307-1086
*ggraifman@kgglaw.com*
**Counsel for Plaintiffs**

**ABRAHAM, FRUCHTER**
**& TWERSKY, LLP**
Mitchell M.Z. Twersky, Esq. (*pro hac vice*)
Ximena R. Skovron, Esq. (*pro hac vice*)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
*mtwersky@aftlaw.com*
*xskovron@aftlaw.com*
**Settlement Class Counsel**

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of June, 2013, I caused to be filed, via electronic filing, the following documents with the United States District Court for the District of New Jersey:

1. PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO REQUIRE THE POSTING OF APPEAL BONDS BY OBJECTOR-APPELLANTS.

I hereby certify that on this date, I caused copies of the foregoing documents to be served via ECF:

Eric F. Gladbach
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
*egladbach@reedsmith.com*

John P. Hooper, Esq.
REED SMITH, LLP
599 Lexington Avenue
22nd Floor
New York, New York 10022
*jhooper@reedsmith.com*

Forrest S. Turkish, Esq.
LAW OFFICES OF FORREST S. TURKISH
595 Broadway
Bayonne, NJ 07002
*fsturkish@aol.com*

Samuel J. Myles, Esq.
HOLSTON, MACDONALD, UZDAVINIS & ZIEGLER, P.C.
66 Euclid Street
P.O. Box 358
Woodbury, NJ 08096
*smyles@holstonlaw.com*

Robert E. Margulies, Esq.
MARGULIES WIND, P.C.
Harborside Financial Center
Plaza 10
3 Second Street, Suite 1201
Jersey City, NJ 07311
*rem@mwhlawfirm.com*

I further certify that on this date, I served a copy of the foregoing documents

on the following by first class postage prepaid U.S. Mail and by electronic mail:

Jeffrey Weinstein
WEINSTEIN LAW
518 East Tyler Street
Athens, TX 75751
*jeff@longhornlawyer.com*

I further hereby certify that I have provided courtesy copies of the foregoing

documents by Federal Express to the Honorable Peter G. Sheridan, U.S.D.J.,

pursuant to Local Civil Rule 5.2 and Electronic Case Filing Policies and

Procedures.

Dated: June 10, 2013                     ABRAHAM, FRUCHTER &
                                           TWERSKY, LLP


                                         Ximena R. Skovron
                                               One Penn Plaza, Suite 2805
                                               New York, NY 1011
                                               Tel:  (212) 279-5050
                                               Fax: (212) 279-3655
                                               *xskovron@aftlaw.com*