Samuel J. Myles, Esq.
State Bar No. 018712000
**HOLSTON, MacDONALD, UZDAVINIS,**
**ZIEGLER & LODGE, P.A.**
66 Euclid Street
Woodbury, NJ  08096
856-848-5858 (phone)
856-848-1898 (fax)
smyles@holstonlaw.com

*Attorneys for Christopher Batman*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN BRODY, *et al.*,<br><br>  Plaintiffs,<br><br>vs.<br><br>MERCK & CO., INC., *et al.*,<br><br>  Defendants.<br><hr>CHRISTOPHER BATMAN,<br><br>  Objector-Appellant. | Case No. 3:12-cv-04774-PGS-DEA<br><br>**OPPOSITION OF**<br>**CHRISTOPHER BATMAN**<br>**TO PLAINTIFFS' MOTION TO STRIKE** |

  Attorneys, being human, make mistakes. For example, class counsel's notice of a motion to strike (Dkt. 66) makes the mistake of asking to strike a non-existent "Docket No. 78" and "Docket No. 79." Christopher Batman's original opposition to the appeal bond (Dkt. 62) made the factual mistake of referring to Batman as an appellant in a case where he was not the appellant. When class counsel notified Batman's attorney of the discrepancy, Batman filed a corrected brief that deleted the mistake, without adding any new information, as he was required to do by Fed. R. Civ. Proc. 11. *See* Dkt. 64. Nevertheless, though class counsel has suffered

exactly zero prejudice from this correction (indeed, they make great hay of the fact of the correction in their opposition to the brief), they ask to strike the brief. Since there is no difference between Dkt. 62 and Dkt. 64 beyond the correction of an admitted mistake required by Rule 11, the issue is utterly moot, and the court's time should not be wasted by this motion, which should be denied.

In the alternative, the motion to penalize Batman for making a factual mistake in filing a brief should be denied because plaintiffs' motion and proposed order asks the court to strike docket entries—78 and 79—that do not exist. It would be hypocritical of plaintiffs to complain that Batman made a mistake in his brief but ask for *nunc pro tunc* corrections of their mistakes.

## Background

Plaintiffs filed a motion requesting an appeal bond (Dkt. 59) on May 16, 2013. Appellant responded by timely filing a brief in opposition (Dkt. 62) on June 3, 2013. Class counsel emailed on Friday, June 7 requesting information about Christopher Batman's role in the *Baby Products Antitrust Litigation* (Exh. 1). That email referenced a call made by class counsel the day before, Thursday, June 6, regarding the same issue. Appellant's counsel responded by email later that same Friday, apologizing for the oversight and stating that Mr. Batman was inadvertently included in the brief. Appellant's counsel further stated that a corrected brief would be filed with the court on Monday, June 10. Appellant filed a corrected brief (Dkt. 65) on June 10, 2013. Appellant filed a letter (Dkt. 67) with the court on June 14, 2013 explaining the error as a miscommunication between counsel of record for Appellant and Bandas Law Firm, who hired counsel of record to serve as local counsel in New Jersey (Exh. 2).

Plaintiffs' nevertheless filed this motion to strike Appellant's corrected brief as untimely. Appellant filed a brief in good faith that incorrectly identified an objector. Movant was not prejudiced or harmed by this oversight. And Movant was aware of this error four days before filing a reply brief, so can not in good faith claim lack of notice.

### Rule 11 Allows 21 Days for Correction of Errors in Court Filing.

Federal Rule of Civil Procedure 11 allows a court to strike a filing as a form of punitive sanction. The Supreme Court has held that "the central purpose of Rule 11 is to deter baseless filings" and that it "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 2454, 110 L. Ed. 2d 359 (1990). The inclusion of Christopher Batman's name was unintentional. It is the legal reasoning leading to the holding that is important, as it is applicable to the current matter. And it is disingenuous and even reckless of movant to suggest that these errors were "outrageous misrepresentations," as if attributable to some misplaced legal strategy.

Rule 11(c) allows 21 days to promptly correct an issue with a filing "after being called to the attorney's or party's attention." And the court is precluded from sanctioning a party that promptly acts to correct the error serving as the basis of the movant's complaint. *See Holgate v. Baldwin*, 425 F.3d 671, 680 (9th Cir. 2005) (citing Fed.R.Civ.P. 11 advisory committee's notes to 1993 amends.) (noting that "a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation").

Appellant promptly apprised Plaintiffs of the reason for the inclusion and gave Plaintiffs notice of intent to file a corrected brief and to address the issue in a letter to the court. Both were done in a timely fashion, well within the 21-day "safe harbor" granted by Rule 11.

### Movant Suffered No Prejudice.

Movant was aware of the error committed by Appellant at least four days before filing its reply brief. Appellant's counsel's email to movant explained the error and stated an intent to file a corrected brief. The only changes made to Appellant's opening brief were to remove two of the three unintended attributions of a *Baby Products* victory to this Appellant. There were no changes to any substantive legal arguments.

The two changes are as follows:

1) "For example, Christopher Batman, the objector here, prevailed on appeal in *In re Baby Products*" was changed to "For example, when an objector prevailed on appeal in *In re Baby Products*."

2) "Batman has previously successfully brought a successful appeal in the Third Circuit on exactly the grounds he appeals on here. *Baby Products, supra.* He wishes to succeed again here; unless the Third Circuit reverses its earlier precedent, he will do so." This was corrected to read: "Objector's appeal here is on the exact same grounds on which the Third Circuit ruled in *Baby Products*. Unless the Third Circuit reverses its earlier precedent, Objector will prevail on appeal."

A third inconsistency was overlooked by Appellant and should be disregarded by counsel and the Court: "This Court's decision directly contradicts the Third Circuit's ruling in Batman's previous successful appeal in *In re Baby Products*." That sentence obviously should read "This Court's decision directly contradicts the Third Circuit's ruling in *In re Baby Products*."

While the representation of Batman as a successful objector certain added flavor to the filing that shouldn't have been there, it didn't change the substantive points made. Moreover, the plaintiffs suffered no prejudice: they were told that the correction was coming, and went ahead and argued on the basis of the mistake anyway, as they were entitled to do.

### Conclusion.

Appellant timely filed a brief on June 3, 2013 than is, in substance, essentially identical to the corrected brief filed on June 10. Plaintiffs were notified that there was a mistake and a corrected brief would remove the mistake. This corrected filing was well within the 21 days allowed by Rule 11. The removal of the incorrect identification of Batman as objector in *Baby Products* effected no change in Appellant's legal arguments, thus no harm or prejudice was suffered by Plaintiffs, who went ahead and argued on the basis of the mistake anyway.

For the foregoing reasons, Appellant respectfully requests that the Court deny Plaintiffs' motion to strike.

Dated:  July 1, 2013                                    Respectfully submitted,

                                                                                                   */s/ Samuel J. Myles*
                                                                                                   Samuel J. Myles, Esq.
                                                                                                   State Bar No. 018712000
                                                                                                   **HOLSTON, MacDONALD, UZDAVINIS,**
                                                                                                   **ZIEGLER & LODGE, P.A.**
                                                                                                   66 Euclid Street
                                                                                                   Woodbury, NJ  08096
                                                                                                   856-848-5858 (phone)
                                                                                                   856-848-1898 (fax)
                                                                                                   smyles@holstonlaw.com

                                                                                                   *Attorneys for Christopher Batman*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 1st day of July 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case.

## Samuel J. Myles

**From:** Samuel J. Myles [smyles@holstonlaw.com]
**Sent:** Friday, June 07, 2013 4:01 PM
**To:** 'Ximena R. Skovron'
**Subject:** RE: Brody v. Merck, 12-cv-04774 (D.N.J.)

Hi Ximena –

I am looking into this. This may have been an inadvertent error on our part as Mr. Batman may have objected in other cases but not that one. If so, I will file a letter and corrected brief with the court on Monday. I apologize for any inconvenience.

Thanks,

Sam

Samuel J. Myles, Esq.
**HOLSTON, MacDONALD, UZDAVINIS,
ZIEGLER & LODGE, P.A.**
66 Euclid Street
Woodbury, NJ 08096
856-848-5858 (phone)
856-848-1898 (fax)
smyles@holstonlaw.com
www.holstonlaw.com

---

**From:** Ximena R. Skovron [mailto:XSkovron@aftlaw.com]
**Sent:** Friday, June 07, 2013 12:32 PM
**To:** smyles@holstonlaw.com
**Cc:** Mitchell M.Z. Twersky; Lawrence D. Levit
**Subject:** Brody v. Merck, 12-cv-04774 (D.N.J.)

Samuel,

In follow up to the voice mail I left yesterday, kindly forward at your earliest convenience any document that supports your claim regarding your client's role as an objector- appellant in the Baby Products Antitrust Litigation or that your firm was otherwise involved in representing the appellants. We cannot find any indication in the record of that appeal that your client (or your firm) was involved.

Please feel free to contact me should you wish to discuss.

Best regards,

Ximena R. Skovron, Esq.
Abraham, Fruchter & Twersky, LLP
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050 ext. 1606
Fax: (212) 279-3655
xskovron@aftlaw.com
www.aftlaw.com

7/1/2013

EXH 1



ABRAHAM, FRUCHTER & TWERSKY, LLP

===============================================================

**NOTICE**

This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system. Thank you.

===============================================================

7/1/2013

Case 3:12-cv-04774-PGS-DEA Document 67 Filed 06/14/13 Page 1 of 1 PageII

LAW OFFICES
# HOLSTON, MACDONALD, UZDAVINIS, ZIEGLER & LODGE

ROBERT G. HOLSTON
ARTHUR J. MacDONALD, JR.
RONALD J. UZDAVINIS
WILLIAM F. ZIEGLER*
TERI S. LODGE*

A PROFESSIONAL CORPORATION
66 EUCLID STREET
WOODBURY, NEW JERSEY 08096

856-848-5858
FAX 856-848-1898

OF C
JOHN S. HOL

*ALSO ADMITTED IN PEN1

AUGUSTA J. PISTILLI*
SAMUEL J. MYLES

www.holstonlaw.com

e-mail:smyles@holst(

June 14, 2013

Honorable Peter G. Sheridan
Fisher Federal Building and U. S. Courthouse
402 E. State Street, Room 4050
Trenton, NJ 08608

Re: **Brody v. Merck, et al**
Docket No.: 12-cv-4774

Dear Judge Sheridan:

This office represents objector Christopher Batman in the above matter. I write to Honor to explain why I had filed a corrected Brief in opposition to Plaintiff's Motion for an bond.

Our client, Christopher Batman, is a resident of Texas. He is represented in Texas Christopher Bandas, Esquire of the Bandas Law Firm, who has represented him in other m We were retained locally to represent Mr. Batman as an objector in this case. As such, we coordinated with the Bandas Law Firm in preparing some of the pleadings in this matter in the Brief in opposition to the Motion for an appeal bond. In so doing, we were advised by Bandas Law Firm that they represented Mr. Batman as an objector in the *Baby Products Lit* matter. We therefore included that in our Brief in opposition.

After filing the Brief, I was notified by Plaintiff's counsel that they did not see any of Mr. Batman being an objector in the *Baby Products* suit. When I looked into this issue I realized the error that had been made. Mr. Bandas actually represented not Mr. Batman b different objector, Clark Hampe, in the *Baby Products Litigation* matter. As soon as I bec: aware of the error, I immediately filed a corrected Brief with the court.

My corrected Brief simply removed references of Mr. Batman being an objector in *Baby Products Litigation* matter. It did not add or change any other arguments.

I apologize to the court and to counsel for this error. I thank the Court for its time ; attention to this matter.

Very truly yours,
**HOLSTON, MacDONALD, UZDAVINIS,
ZIEGLER & LODGE**
A Professional Corporation

By: