Gary S. Graifman, Esq.
**KANTROWITZ, GOLDHAMER**
**& GRAIFMAN, P.C.**
210 Summit Avenue
Montvale, NJ 07645
Tel: (201) 391-7000
Fax: (201) 307-1086
*ggraifman@kgglaw.com*

***Counsel for Plaintiffs***

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BRODY et al., on behalf of themselves and all others similarly situated, | Case No. 3:12-cv-04774-PGS-DEA |
| | *DOCUMENT ELECTRONICALLY FILED* |
| Plaintiffs, vs. | |
| MERCK & CO., INC., f/k/a SCHERING-PLOUGH CORPORATION, et al., | MOTION DATE: July 15, 2013 |
| Defendants. | |

## PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF
## <u>MOTION TO STRIKE</u>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

ARGUMENT ....................................................................................................1

    A.   Because Fatima Dorego Does Not Oppose the Motion to Strike Her
        Untimely Statement, Her Statement Should be Stricken..........................1

    B.   Batman's Untimely Brief Continues to Prejudice Plaintiffs and
        Should Be Stricken..................................................................................2

CONCLUSION ................................................................................................6

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*In re Baby Products Antitrust Litig.*,
 708 F.3d 163 (3d Cir. 2013) ..............................................................2, 3, 4, 6

*Leer Elec., Inc. v. Schmerin*,
 2011 U.S. Dist. LEXIS 139415 (M.D. Pa. Dec. 2, 2011) ...............................3

*Lue-Martin v. March Group, L.L.L.P.*,
 379 Fed. Appx. 190 (3d Cir. 2010)..............................................................2, 7

*Okagbue-Ojekwe v. Fed. Bureau of Prison*,
 2007 U.S. Dist. LEXIS 94778 (D.N.J. Dec. 26, 2007) ...................................7

**Statutes and Rules**

L.Civ.R. 7.1 ......................................................................................................2, 3, 5, 7

Plaintiffs respectfully submit this reply memorandum of law in response to the Opposition of Christopher Batman to Plaintiffs' Motion to Strike ("Batman Opp. Mot. Strike") (Docket No. 68) and in further support of Plaintiffs' Motion to Strike and Incorporated Memorandum of Law (the "Motion to Strike") (Docket No. 59) seeking to strike (1) the untimely Joinder Of Fatima Dorego to Cindy Beck And Christoher [sic] Batman's Oppositions to Plaintiffs' Motion To Require Posting Of Appeal Bond By Objector-Appellants (Docket No. 63) (the "Untimely Dorego Statement"); and (2) the untimely Corrected Opposition of Christopher Batman to Motion for Appeal Bond (Docket No. 64)[1] (the "Untimely Batman Brief").[2]

## ARGUMENT

### A.   Because Fatima Dorego Does Not Oppose the Motion to Strike Her Untimely Statement, Her Statement Should be Stricken

As discussed in the Motion to Strike, Objector-Appellant Dorego filed the Untimely Dorego Statement on June 7, 2013, four days after her opposition brief to the pending Plaintiffs' Motion to Require Posting of Appeal Bonds by Objector-

---

[1] These docket entries were erroneously referenced in the Motion to Strike as Docket Nos. 78 and 79 respectively. A revised Proposed Order is submitted herewith.

[2] Plaintiffs also request that the Court, *sua sponte*, strike the Opposition of Christopher Batman to Motion for Appeal Bond, filed on June 3, 2013 (Docket No. 62), because, as shown herein, Batman has admitted that such filing is false and attempted to replace it with a second admittedly false filing.

Appellants (the "Appeal Bonds Motion") was due.  Motion to Strike at 2-3.

Dorego did not seek an extension to file a response, did not contact Plaintiffs'

counsel, did not seek leave of Court, or provide any explanation whatsoever for her

late filing.  She has also not opposed the instant Motion to Strike.  Having failed to

provide any explanation to excuse her violation of Local Court rules or to oppose

the striking of her filing, the Untimely Dorego Statement should be stricken.

L.Civ.R. 7.1(d)(7) (empowering the Court to "reject any brief or other paper not

filed within the time specified."); *Lue-Martin v. March Group, L.L.L.P.*, 379 Fed.

Appx. 190, 192 (3d Cir. 2010) (upholding the granting of a motion to strike a

counter-statement of undisputed material facts because it had not been timely filed;

the untimely filer has "a heavy  burden to bear, as matters of docket control … are

committed to the sound discretion of the district court.").

### B. Batman's Untimely Brief Continues to Prejudice Plaintiffs and Should Be Stricken

In Batman's initial filing in opposition to Plaintiffs' request for an appeals

bond, he erroneously and repeatedly emphasized that he was an objector who

prevailed in the appeal in *In re Baby Products Antitrust Litigation*, 708 F.3d 163

(3d Cir. 2013).  Batman Br. Opp. Mot. Appeal Bonds at 9, 14, 16 (Docket No. 62).

Batman appears to have wanted to take responsibility for a case in which he was

not involved in an effort to lend credibility to the meritless arguments raised in his

Objection, and overruled by this Court.

2

Batman now admits that neither he nor his counsel of record in this action played a role in the *Baby Products* decision, and claims his counsel of record were misinformed as to his status as an objector in *Baby Products* by his other counsel, the Bandas Law Firm.  This error simply highlights the attorney-driven nature of Batman's Objection and does not excuse the filing of a brief out of time without leave of Court.  L.Civ.R. 7.1(d)(7); *Leer Elec., Inc. v. Schmerin*, No. 1:08-CV-1785, 2011 U.S. Dist. LEXIS 139415, at *19 (M.D. Pa. Dec. 2, 2011) (striking untimely reply brief).

Moreover, despite his claim, Plaintiffs are prejudiced by Batman's actions in the filing of his opposition papers to the Appeal Bonds Motion.  Each of his memoranda in opposition (the original and corrected versions) contain blatant misrepresentations about his actions as an objector.  Because he is objecting in this action, his past activities as an objector are relevant.  His attempts to inject himself (as a purported objector) into a binding decision on which this Court and the parties relied in connection with the final approval of the Settlement in order to burnish his credentials as an objector and hide the weakness of his arguments necessarily colors his entire presentation.

Each of Batman's memoranda contain the misrepresentations about his involvement as an objector in *Baby Products*.  While Batman claims that the continued misrepresentation in the Untimely Batman Brief should merely be

disregarded by the Court and even suggests in his Opposition to the instant Motion to Strike how the language should be changed yet again (Batman Opp. Mot. Strike at 4), the fact remains that each of his memoranda in opposition on file contain a significant misrepresentation, prejudicial to Plaintiffs.[3]

Furthermore, by not admitting to these misrepresentations earlier, Batman denied Plaintiffs a meaningful opportunity to fully address these misrepresentations in Plaintiffs' Reply Memorandum of Law in Support of Their Motion to Require The Posting of Appeal Bonds By Objector-Appellants ("Plaintiffs' Appeal Bonds Motion Reply Memorandum") (Docket No. 65). Plaintiffs' reply on their Appeal Bonds Motion was due on June 10, 2013.  It was not until that afternoon of June 10th that Batman purportedly "corrected" the misrepresentations before the Court by, without explanation to the Court, deleting two of the three references to himself as a successful objector in *Baby Products*.  In addition, it was only after Plaintiffs filed their Motion to Strike that Batman, in a letter to the Court dated June 14, 2013 (Docket No. 67), even bothered to explain

---

[3] Plaintiffs note that each of Batman's opposition memoranda should be stricken as they each contain highly prejudicial, admittedly false, information and more than 21 days have elapsed since Plaintiffs brought these misrepresentations to Batman's attention.

to the Court and parties the reason for his untimely, "corrected" filing, and admitted to the misrepresentations at issue.[4]

Because of his disregard for Court rules and procedures, Batman did not seek leave of the Court to file a corrected opposition and the late filing of the Untimely Batman Brief gave Plaintiffs insufficient time to fully address in Plaintiffs' Appeal Bonds Motion Reply Memorandum (Docket No. 65) Batman's misrepresentations and their relevance to the issues before the Court, particularly the possibility of being awarded attorneys' fees in connection with the appeal, and the need for a bond to be posted to ensure the payment of such costs so that the Class would not be deprived of the benefits achieved in the Settlement.  Batman claims, erroneously, that Plaintiffs' counsel had "at least four days" (Batman Opp. Mot. Strike at 3 (Docket No. 68)) notice regarding the filing of the Untimely Batman Brief and falsely recounts the parties' communications on the issue.  As shown by the parties' correspondence, which Batman attaches as Exhibit 1 to his opposition to the Motion to Strike, Batman's counsel did not admit to making any errors prior to filing the Untimely Batman Brief.  Batman Opp. Mot. Strike, Ex. 1

---

[4] Batman claims that Fed.R.Civ.P. 11(c) provides a basis for his late filing (Batman Opp. Mot. Strike at 3), but that rule is not applicable to the Untimely Batman Brief as Plaintiffs do not seek to strike it pursuant to Rule 11, but instead, pursuant to Local Rule 7.1.  Rule 11 may, however, be a basis for the Court to strike Batman's initial opposition memorandum (Docket No. 62) because it contains admittedly false material and the Court can strike that memorandum *sua sponte*.

(Docket No. 68).[5]  Thus, Plaintiffs did not have the time needed to fully address

these misrepresentations and how their existence further supported Plaintiffs'

request for the posting of a bond by Batman.

In any event, Batman's late filing, disregard of rules and misrepresentations

exemplify the lack of regard he shows towards this Court and the judicial process,

and support the Plaintiffs' position that a bond should be ordered to ensure that the

Class will not be deprived of the full benefit of the Settlement as a consequence of

the costs, including attorneys' fees, necessitated by Batman's meritless appeal,

which may ultimately be determined to be frivolous.  While Batman attempted to

support his credibility by repeatedly referencing his role in a case in which he had

no involvement, those attempts just lend further support to Plaintiffs' motion for

the posting of a bond for the protection of Class members.   In these circumstances,

---

[5] Plaintiffs' counsel requested clarification of the issue from Batman's counsel on
Thursday, June 6, after the accuracy of Batman's claimed involvement in *Baby
Products* could not be verified.  Having received no response from Batman's
counsel, Plaintiffs' counsel sent a follow-up e-mail on Friday, June 7.  In Batman's
counsel's e-mail response on Friday, June 7, he did not acknowledge any error, but
merely stated that he "was looking into this" issue and only responded that an error
"may" have been made.  Batman Opp. Mot. Strike, Ex. 1.  Thus, while Batman's
counsel stated that he would file a "letter and corrected brief" *if* an error had been
made, Plaintiffs did not know for certain whether an error had been made.
Plaintiffs' reply brief was due on Monday, June 10, 2013, the same day on which
the Untimely Batman Brief was filed without leave of Court, and without any
explanatory letter to the Court.  Batman Opp. Mot. Strike, Ex. 1.  The Untimely
Batman Brief also did not contain any explanation as to the error, but simply
removed two of the three references to Batman as a successful objector in *Baby
Products* while one misrepresentation remained.  Untimely Batman Br. at 9, 16.

the Court has no obligation to entertain either Batman's (or Dorego's) arguments, and their briefs should be stricken as requested.   L.Civ. R. 7.1(d)(7); *Okagbue-Ojekwe v. Fed. Bureau of Prison*, 2007 U.S. Dist. LEXIS 94778, at *9 (D.N.J. Dec. 26, 2007); *Lue-Martin,* 379 Fed. Appx. at 192.[6]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike the Joinder of Fatima Dorego to Cindy Beck and Christoher [sic] Batman's Oppositions to Plaintiffs' Motion to Require Posting of Appeal Bond by Objector-Appellants, filed on June 7, 2013 (Docket No. 63), the Opposition of Christopher Batman to Motion for Appeal Bond, filed on June 3, 2013 (Docket No. 62), and the Corrected Opposition of Christopher Batman to Motion for Appeal Bond, filed on June 10, 2013 (Docket No. 64).[7]

Further, because Objector Dorego has failed to timely oppose the Motion to Require Posting of Appeal Bond by Objector-Appellants, and has not opposed the instant Motion to strike her untimely response, an appeal bond of $86,833 should be imposed upon her as requested, and because Objector Batman's opposition memoranda to the Motion to Require Posting of Appeal Bond should be stricken as

---

[6] Batman's attempt to equate his multiple misrepresentations about a significant legal point with a ministerial docket number entry should not be given any credence by the Court.

[7] As stated above, given the admittedly false representations made by Batman in his opposition memoranda, the Court can *sua sponte* strike both filings.

7

they contain misrepresentations of fact, and for the reasons set forth in Plaintiffs'
briefs in support of their Motion to Require Posting of Appeal Bonds by Objector-
Appellants, an appeal bond of $86,833 should also be imposed upon him as
requested.

DATED:  July 8, 2013

**KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.**

*/s/ Gary S. Graifman*
Gary S. Graifman, Esq.
210 Summit Avenue
Montvale, NJ 07645
Tel: (201) 391-7000
Fax: (201) 307-1086
*ggraifman@kgglaw.com*
**Counsel for Plaintiffs**

**ABRAHAM, FRUCHTER
& TWERSKY, LLP**
Mitchell M.Z. Twersky, Esq. (*pro hac vice*)
Lawrence D. Levit, Esq. (*pro hac vice*)
Ximena R. Skovron, Esq. (*pro hac vice*)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
*mtwersky@aftlaw.com*
*llevit@aftlaw.com*
*xskovron@aftlaw.com*
**Settlement Class Counsel**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BRODY et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERCK & CO., INC., f/k/a SCHERING-PLOUGH CORPORATION, et al.,<br><br>Defendants. | Case No. 3:12-cv-04774-PGS-DEA<br><br>*DOCUMENT ELECTRONICALLY FILED*<br><br><br>MOTION DATE: July 15, 2013 |

## [REVISED][PROPOSED] ORDER STRIKING THE RESPONSES OF FATIMA DOREGO AND CHRISTOPHER BATMAN

Plaintiffs' Motion to Strike and Incorporated Memorandum of Law (Docket No.

66), having been brought before the Court; and

The Court having considered the papers submitted by Plaintiffs, and having

heard oral presentations by Plaintiffs and the Objectors, it is

**ORDERED AND DECREED** that (i) the Joinder Of  Fatima Dorego to Cindy

Beck And Christoher [sic] Batman's Oppositions to Plaintiffs' Motion To Require

Posting Of Appeal Bond By Objector-Appellants (Docket No. 63); (ii) the Opposition of

Christopher Batman to Motion for Appeal Bond (Docket No. 62); and (iii) the Corrected

Opposition of Christopher Batman to Motion for Appeal Bond (Docket No. 64) are

hereby stricken from the record.


DATED:  July __, 2013

_____
HON. PETER G. SHERIDAN, U.S.D.J.

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2013, I caused to be filed,

via electronic filing, the following documents with the United States District

Court for the District of New Jersey:

1. PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE; and

2. [REVISED][PROPOSED] ORDER STRIKING THE RESPONSES OF FATIMA DOREGO AND CHRISTOPHER BATMAN.

I hereby certify that on this date, I caused copies of the foregoing

documents to be served via ECF:

Eric F. Gladbach
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
*egladbach@reedsmith.com*

John P. Hooper, Esq.
REED SMITH, LLP
599 Lexington Avenue
22nd Floor
New York, New York 10022
*jhooper@reedsmith.com*

Forrest S. Turkish, Esq.
LAW OFFICES OF FORREST S. TURKISH
595 Broadway
Bayonne, NJ 07002
*fsturkish@aol.com*

Samuel J. Myles, Esq.
HOLSTON, MACDONALD, UZDAVINIS & ZIEGLER, P.C.
66 Euclid Street
P.O. Box 358
Woodbury, NJ 08096
*smyles@holstonlaw.com*

Robert E. Margulies, Esq.
MARGULIES WIND, P.C.
Harborside Financial Center
Plaza 10
3 Second Street, Suite 1201
Jersey City, NJ 07311
*rem@mwhlawfirm.com*

I further certify that on this date, I served a copy of the foregoing

documents on the following by first class postage prepaid U.S. Mail and by

electronic mail:

Jeffrey Weinstein
WEINSTEIN LAW
518 East Tyler Street
Athens, TX 75751
*jeff@longhornlawyer.com*

I further hereby certify that I have provided courtesy copies of the

foregoing documents by Federal Express to the Honorable Peter G.

Sheridan, U.S.D.J., pursuant to Local Civil Rule 5.2 and Electronic Case

Filing Policies and Procedures.

Dated: July 8, 2013                          ABRAHAM, FRUCHTER &
                                               TWERSKY, LLP

                                             _____

                                             Ximena R. Skovron
                                                    One Penn Plaza, Suite 2805
                                                    New York, NY 10119
                                                    Tel: (212) 279-5050
                                                    Fax: (212) 279-3655
                                                    *xskovron@aftlaw.com*